**STATE of Minnesota, Respondent,**

v.

**Lester J. MORSE, Appellant.**

**No. C5–83–834.**

Supreme Court of Minnesota.

April 27, 1984.

William R. Kennedy, Chief Public Defender, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. The issue is whether the sentencing court erred in interpreting the 1981 version of the so-called "decay factor" in computing defendant's criminal history score for sentencing purposes. We hold that the court erred and we therefore remand for resentencing.

Defendant, who is the appellant, was charged on July 23, 1982, with intrafamilial sexual abuse in the first degree, Minn.Stat. § 609.3641 (1982), for penetrating the vagina of a 10-year-old girl with his finger on July 5, 1982. Pursuant to a plea agreement, defendant was permitted to plead guilty on December 14, 1982, to the lesser-included offense of intrafamilial sexual abuse in the second degree, section 609.-3642. The dispute at sentencing, which occurred on March 1, 1983, concerned whether defendant's criminal history score should be zero or three. If zero, the presumptive sentence for the offense (which is a severity level VI offense) would have been 21 months stayed. The sentencing court rejected defendant's argument that his score should have been zero and computed his criminal history score at three. The presumptive sentence for the offense by a person with a criminal history score of three is 34 (33–35) months executed. The sentencing court sentenced defendant to an executed term of 34 months.

Defendant, who is now 60 years old, had four prior felony convictions. In 1948 he was convicted of burglary, in 1964 aggravated forgery, in 1966 indecent assault, and in 1972 sexual intercourse with a child. The court did not count the 1948 conviction, because it clearly had "decayed" under Minnesota Sentencing Guidelines and Commentary, II.B.1.e. (1981). Defense counsel argued that the court should not give him any points for the other three prior convictions because they almost had decayed. He argued alternatively that it was inappropriate to use the 1972 conviction be-

cause the conduct underlying that offense was consensual sexual intercourse with a 16-year-old girl, conduct which is no longer criminal, and that without the 1972 conviction the two convictions preceding that clearly had decayed. On appeal defendant has modified the first argument, arguing now that the three prior convictions in fact had decayed. He also relies on the alternative argument.[1]

The 1982 version of the Guidelines makes it clear that if a defendant commits the current offense during the 10-year-period, the 10-year period is interrupted, even if defendant is not convicted and sentenced until after the 10-year period has expired. Minnesota Sentencing Guidelines and Commentary, II.B.1.e. and II.B.106. (1982).[2]

The 1981 version of II.B.1.e. provided:

Prior felony sentences will not be used in computing the criminal history score after the period of 10 years has elapsed since the date of discharge from or expiration of the sentence, provided that during the period the individual had not received a felony, gross misdemeanor or misdemeanor sentence.

The comment to the above section, II.B. 106., provided:

Finally, the Commission established a "decay factor" for the consideration of prior felony offenses in computing criminal history scores. The Commission decided it was important to consider not just the total number of felony sentences, but also the time interval between those sentences. A person who was sentenced for three felonies within a 5-year period is more culpable than one sentenced for three felonies within a 20-year period. The Commission decided that after a significant period of conviction-free living, the presence of old felony sentences should not be considered in computing criminal history scores. Prior felony sentences would not be counted in criminal history score computation if 10 years had elapsed since the date of discharge from or expiration of the sentence, provided that during the 10-year period, the individual was not sentenced for a felony, gross misdemeanor, or misdemeanor. (Traffic offenses are excluded in computing the decay factor.) It is the Commission's intent that time spent in confinement pursuant to an executed or stayed criminal sentence not be counted in the computation of the conviction-free period.

Although we agree with the state that the 1981 version was arguably inconsistent with the goal of the Guidelines of avoiding unjustified disparity in sentencing,[3] we can-

---

1. Because of our disposition of the first contention, there is no need for us to address the second contention and we do not address it.

2. The 1982 version of II.B.1.e., applicable to offenses committed on or after August 1, 1982, reads:

Prior felony sentences will not be used in computing the criminal history score if a period of 10 years has elapsed since the date of discharge from or expiration of the sentence to the date of offense of any subsequent misdemeanor, gross misdemeanor or felony, provided that during the period the individual had not received a felony, gross misdemeanor or misdemeanor sentence, whether stayed or imposed.

The 1982 version of II.B.106. reads:

Finally, the Commission established a "decay factor" for the consideration of prior felony offenses in computing criminal history scores. The Commission decided it was important to consider not just the total number of felony sentences, but also the time interval between those sentences and subsequent offenses. A person who was sentenced for three felonies within a 5-year period is more culpable than one sentenced for three felonies within a 20-year period. The Commission decided that after a significant period of offense-free living, the presence of old felony sentences should not be considered in computing criminal history scores. Prior felony sentences would not be counted in criminal history score computation if 10 years had elapsed between the date of discharge from or expiration of the sentence and the date of a subsequent offense for which a misdemeanor, gross misdemeanor, or felony sentence was imposed or stayed. (Traffic offenses are excluded in computing the decay factor.) It is the Commission's intent that time spent in confinement pursuant to an executed or stayed criminal sentence not be counted in the computation of the offense-free period.

3. Under the 1981 version two defendants with identical criminal records who commit the same offense on the same day within the 10-year period would be treated differently if one was convicted and sentenced within the 10-year

not ignore the plain language of the Guidelines. Defendant's discharge from his last prior felony conviction occurred on December 9, 1972. Under the plain language of the 1981 version, that conviction (and the other two that had not already decayed) decayed on December 9, 1982, because the 10-year interval was not interrupted by a conviction of any offense during the period. The 1981 version required the *conviction* of an offense—not the *commission* of an offense—to stop the running of the decay clock.

It does not follow that defendant necessarily should have received the presumptive sentence of 21 months stayed, which is the sentence obtained by using the zero criminal history column. One possible ground for both a durational and dispositional departure would be that the presentence investigation report indicates that defendant, at the time he was sexually abusing the child in question, was also photographing her in explicit sexual poses. It is also possible that the defendant may be particularly unamenable to probation, which by itself would justify a dispositional, though not a durational, departure.

Remanded for resentencing.

period and the other, for whatever reason, was not convicted and sentenced until after the 10-
year period had expired.