STATE of Minnesota, Respondent,

v.

James Leon STEPHANIE, Appellant.

No. CX–82–1502.

Supreme Court of Minnesota.

Sept. 21, 1984.

Douglas W. Thomson, Deborah Ellis, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard T. Jessen, Benton County Atty., Foley, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, amicus curiae.

TODD, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the third degree and false imprisonment, Minn.Stat. §§ 609.344(c) and 609.255 (1982). The trial court sentenced defendant to 54 months in prison pursuant to section 609.346 and Minnesota Sentencing Guidelines and Commentary II.E. (1982). On this appeal from judgment of conviction and from an order denying a petition for post-conviction relief, defendant claims: (1) that he is entitled to an outright reversal of his convictions on the ground that the evidence of his guilt was legally insufficient; (2) that he should receive a new trial because of certain trial errors; (3) that the case should be remanded for a so-called *Schwartz* hearing—*see Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960) —into allegations of jury misconduct; or (4) that, at least, his sentence should be reduced. We affirm.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. Defendant's convictions were based on evidence that defendant and two accomplices took a 17-year-old girl to a secluded field where defendant used force or coercion to accomplish sexual penetration. The victim's testimony was positive and not significantly impeached and was corroborated in a number of ways. We conclude that the evidence was sufficient.

2. Defendant makes a number of arguments in support of his contention that he should be given a new trial.

(a) First, he argues that the court should not have changed venue from Benton County, where the offenses were committed, to Stearns County. This contention is without merit. Defendant's own attorney sought the change of venue, which helped insure defendant a fair trial, and there is nothing to indicate that defendant himself opposed it.

(b) Defendant argues further that the trial court should have excused one juror who said that he would be uncomfortable being a juror in defendant's case and would rather not sit on the case. This too is without merit. The juror in question also said that he would be fair, and defense counsel specifically withdrew his objection to the juror and passed the entire panel, including this one, for cause. Defendant also argues that the trial court should have excused some other jurors who, when asked by defense counsel if they would hold it against defendant if he did not testify, said that they would not but that if they were accused they would testify. Again, defense counsel passed the entire panel for cause. Further, defendant in fact testified.

(c) Defendant claims that admission of the victim's testimony about certain statements by defendant's brother, who was an accomplice to the crimes, violated his right of confrontation, since the brother was not in court available for cross-examination. Defendant's attorney did not object to this evidence and we do not decide the issue.

(d) Defendant also claims that the trial court prejudicially erred in instructing the jury that it is the duty of the attorneys to present evidence on behalf of their clients. Although defense counsel did not object, we again caution against the use of such an instruction. *State v. Schmieg,* 322 N.W.2d 759, 760 (Minn.1982). It is clear in this case that the statement did not prejudice defendant, since defense counsel did present evidence on defendant's behalf and since the court and the attorneys made it clear to the jury that defendant had no burden of proof.

3. Defendant's claim that there should be a *Schwartz* hearing is based on allegations of juror misconduct that he first made to his attorney on July 30, 2 weeks after the trial was over. Defendant's claim was that his wife and he had seen a number of male jurors talking with the victim's family in the corridor right after the case was submitted to the jury, shortly before the jury left for lunch. This claim was rebutted by the two bailiffs in charge of the jury, who testified flatly that the incident described by defendant and his wife did not happen. There was no valid explanation for defendant's waiting until after the jury returned with its verdict to raise the issue, since defendant knew from a previously granted mistrial that jury contamination was a ground for a mistrial and should be reported immediately. We hold that the trial court did not abuse its discretion in denying a *Schwartz* hearing. First, the court was justified in concluding that there was no basis for believing that any misconduct occurred. Second, the court was justified in relying on the rule that "A party who learns of a misconduct of a juror during trial may not keep silent and then attempt to take advantage of it in the event of an adverse verdict." *State v. Durfee,* 322 N.W.2d 778, 786 (Minn.1982).

4. Defendant's final contention relates to the imposition of a 3 year minimum term under Minn.Stat. § 609.346 (1982), which translated into a 54 month term under Minnesota Sentencing Guidelines and Commentary II.E. (1982). Defendant does not contend that there were any grounds for putting him on probation. *See State v. Feinstein,* 338 N.W.2d 244 (Minn.1983) (statute requiring minimum term for subsequent sex offenders requires only imposition of minimum term, not execution). Rather, defendant argues that the statute does not apply to him and that he should have been sentenced to the normal presumptive sentence for the offense (VII) by a person with his criminal history score (1), namely, 32 (30–34) months executed. The statute, section 609.346, provides for a 3 year minimum term if a person is convicted of a second offense under section 609.-342 to 609.345 or section 609.364 to 609.-3644 within 15 years of a prior conviction under one of the statutes or a "similar statute" of this state or any other jurisdiction. Defendant's prior conviction was a 1970 conviction under the old section 609.-295(3) (sexual intercourse with a child at least 14 but under 16 years of age), an offense that was punishable by up to 5 years in prison. *See* Minn.Stat. § 609.-

295(3) (1971). Defendant was released from probation in connection with that offense in 1974. That statute was repealed when the criminal sexual conduct statutes were enacted. 1975 Minn.Laws 374. Defendant argues that section 609.346 does not apply because when the legislature enacted the criminal sexual conduct statute it stated in section 609.351 that "Except for section 609.347, crimes committed prior to August 1, 1975, are not affected by its provisions." This does not mean that section 609.346 does not apply when the prior offense was committed prior to August 1, 1975. Rather, it means that a defendant cannot be convicted under the criminal sexual conduct statutes for conduct occurring before August 1, 1975.

Defendant also argues that his prior conviction should not have been used in computing his criminal history score because it had decayed. This is not true. The conviction would have decayed only if defendant had been released from the sentence more than 10 years before. *State v. Morse*, 347 N.W.2d 807 (Minn.1984); *State v. McGee*, 347 N.W.2d 802 (Minn.1984). Defendant was released in 1974, the current offense was in 1981, the current conviction in 1982. It therefore clearly was proper to use the prior conviction to compute his criminal history score.

Affirmed.