**STATE of Minnesota, Respondent,**

v.

**Carnell HENNING, Appellant.**

**No. CO–85–1328.**

Court of Appeals of Minnesota.

Dec. 10, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL, and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Carnell Henning appeals from a sentence imposed following his conviction for burglary in the third degree, Minn.Stat. § 609.-582, subd. 3 (1984). The trial court computed appellant's criminal history score at 5 and appellant contends the correct score is 2. We affirm.

## FACTS

Appellant pleaded guilty on April 15, 1985, to burglary in the third degree for participating in a burglary of Schlampp's Clothing Store in Minneapolis and stealing three fur -coats. He was sentenced on

April 23, 1985, to an executed term of 32 months, based on a severity level IV offense and criminal history score of 5. Appellant had the following record:

| YEAR | OFFENSE |
|------|---------|
| 1. 1965 | Interstate transport of stolen vehicle (felony) |
| 2. 1968 | Interstate transport of stolen vehicle (felony) |
| 3. 1968 | Escape (felony) |
| 4. 1975 | Tampering with motor vehicle (gross misdemeanor) |
| 5. 1985 | Receiving stolen goods (felony) |

The sentences for the three offenses committed in the 1960's expired no later than 1973. Appellant's July 2, 1975, gross misdemeanor tampering conviction decayed in 1981 and was not used in determining his criminal history score. However, because the tampering charge was committed within ten years from 1973, it was used to prevent decay of appellant's three felony convictions accumulated between 1965 and 1968 for purposes of computing appellant's criminal history score. Thus, appellant was assigned four felony points and one custody status point (the custody status point is not involved on appeal) leading to a criminal history score of 5. Appellant challenges the use of the 1965 and the 1968 convictions in computing his history score.

## ISSUE

Does an intervening gross misdemeanor offense, which itself happens to decay, toll the running of the 10-year offense-free period needed for decay of a prior felony conviction?

## ANALYSIS

An offender generally is assigned one point for each conviction for which a felony sentence was stayed or imposed before the current sentence. Minnesota Sentencing Guidelines and Commentary II.B.1 (1984). The guidelines have a "decay" factor for prior felony convictions:

Prior felony sentences will not be used in computing the criminal history score if a period of ten years has elapsed since the date of discharge from or expiration of the sentence, to the *date of offense of any subsequent misdemeanor, gross misdemeanor or felony*, provided that during the period the individual had not received a felony, gross misdemeanor, or misdemeanor sentence whether stayed or imposed.

Minnesota Sentencing Guidelines and Commentary II.B.1.e. (emphasis added).

The comments to this section state:

Finally, the Commission established a "decay factor" for the consideration of prior felony offenses in computing criminal history scores. The Commission decided it was important to consider not just the total number of felony sentences, but also the time interval between those sentences and subsequent offenses. A person who was sentenced for three felonies within a five-year period is more culpable than one sentenced for three felonies within a twenty-year period. The Commission decided that after a significant period of offense-free living, the presence of old felony sentences should not be considered in computing criminal history scores. A prior felony sentence would not be counted in criminal history score computation if ten years had elapsed between the date of discharge from or expiration of that sentence *and the date of a subsequent offense* for which a misdemeanor, gross misdemeanor, or felony sentence was imposed or stayed. (Traffic offenses are excluded in computing the decay factor.) It is the Commission's intent that time spent in confinement pursuant to an executed or stayed criminal sentence not be counted in the computation of the offense-free period.

(Emphasis added.)

Appellant notes that his 1965 and 1968 sentences expired no later than 1973. He admits that the ten-year period of 1973 to 1983 was not offense-free. He agrees that he committed a gross misdemeanor on June 23, 1975. However, he argues that since this offense decayed in 1981 (the decay factor for gross misdemeanors is only five years), Minnesota Sentencing Guidelines and Commentary II.B.3.c., it cannot be used in 1985 to "keep alive" criminal points from the 1960's. Appellant contends that

this decayed conviction may not be used to prevent the decay of his previous felony convictions.

Appellant's argument fails in the face of the language of the sentencing guidelines. Ten offense-free years did not pass. *See State v. Stephanie*, 354 N.W.2d 827, 830 (Minn.1984); *State v. McGee*, 347 N.W.2d 802, 805 (Minn.1984) (citations omitted). Minnesota Sentencing Guidelines and Commentary II.B.1. does not differentiate between misdemeanor, gross misdemeanor, and felony. Thus the date of a subsequent offense, whether misdemeanor (excluding traffic misdemeanors) or felony, starts a new ten-year period which must be offense-free before a previous conviction will decay. Arguably, the commission of misdemeanor theft should not penalize a defendant exactly the same as a homicide, but if a change is needed, it must come from the legislature. The guidelines state that misdemeanors, gross misdemeanors, and felonies all interrupt the ten-year period. The guidelines do not contain an ambiguity, and we will not create one.

A decayed conviction was not used in adding up appellant's history score of 5 points. Rather, it was used to determine that appellant's previous felony convictions would be included in his criminal history score. Any other interpretation of the Guidelines would mean that misdemeanor and gross misdemeanor convictions, if they decayed prior to the expiration of the ten-year offense-free period, would have no effect on the running of the offense-free period. This interpretation would contravene the sentencing guidelines which, as previously noted, state that any subsequent offense, whether misdemeanor, gross misdemeanor, or felony, toll the running of the ten-years. "[T]he 10-year decay clock is stopped only by a conviction occurring within the 10-year period." *McGee* at 806.

Appellant also argues, based on the comment that "it is the Commission's intent that time spent in confinement pursuant to an executed or stayed criminal sentence not be counted in the computation of the offense-free period," that appellant's 1975

conviction and one-year sentence merely extended the decay period an additional year to 1984. Appellant claims that his gross misdemeanor sentence from July 2, 1975, to July 2, 1976, means that he must stay offense-free for one more year (to 1984) in order to have ten offense-free years after his last felony sentence ended in 1973. We disagree. Appellant committed a gross misdemeanor offense on June 23, 1975. He had to commit no offense through June 22, 1985, for his three prior felony convictions to decay. He committed no offenses for approximately nine years and ten months. He did not go a full ten years offense free, and we cannot say the trial court erred in interpreting the Minnesota Sentencing Guidelines.

Appellant did not have a ten year conviction-free period prior to April 15, 1985, and his three prior felony offenses from the 1960's were properly used in computing his criminal history score.

### DECISION

Appellant's sentence was properly based on a criminal history of 5. The 10-year conviction-free period required to decay prior felony convictions was not met because appellant's intervening gross misdemeanor conviction, even though it had decayed, was not used in computing appellant's criminal history score.

Affirmed.