LAURA M. SCHWARTZ v. MINNEAPOLIS SUBURBAN
BUS COMPANY.
ALBERT SCHWARTZ AND ANOTHER v.
MINNEAPOLIS SUBURBAN BUS COMPANY AND ANOTHER.

104 N. W. (2d) 301.

July 1, 1960—Nos. 37,788, 37,789.

UPON REARGUMENT.

*Meagher, Geer, Markham & Anderson, Manson Reedal,* and *O. C. Adamson II,* for appellant.

*Freeman, Peterson, Hoppe & Gaughan,* for defendant respondent.

*Nemerov, Perl & Johnson,* for plaintiff respondents.

UPON REARGUMENT.

KNUTSON, JUSTICE.

These cases arise out of an automobile accident which occurred at the intersection of Seventy-third Street and Humboldt Avenue South in the city of Minneapolis. Defendant David Schwartz was traveling in a southerly direction on Humboldt Avenue. In his car as passengers were his wife, Laura Schwartz; his brother, Albert Schwartz; and Hazel Schwartz, the latter's wife. Defendant Minneapolis Suburban Bus Company's bus was proceeding easterly on Seventy-third Street, a through street. The bus and car collided in the southeast quarter of the intersection. All the passengers in the Schwartz car were injured.

Albert Schwartz and Hazel Schwartz brought action against David Schwartz and the bus company; Laura Schwartz brought action against the bus company alone, she being unable to sue her husband, David Schwartz. All plaintiffs recovered verdicts—Albert and Hazel against both defendants, and Laura against the bus company. The trial court denied the alternative motion made by the bus company in the Laura Schwartz case and granted the motion of defendants in the other case unless plaintiffs consented to a reduction in the verdicts. Plaintiffs did so consent. Defendant bus company appeals from the order denying its motion for a new trial in both cases. Defendant David Schwartz did not appeal.

Defendant bus company made a second motion for a new trial on the same grounds as set out in its first motion and on the further ground that subsequent to the actions here involved, in an action brought by a passenger of the bus for injuries received in the same accident, the jury returned a verdict for the bus company. The court denied the motion, and defendant bus company appeals from this order also.

■ Several errors are assigned. In an opinion heretofore filed, we held that defendant bus company was entitled to a new trial because of errors committed in the voir dire examination of a member of the jury. Being of the opinion that there may have been an error in this respect, we granted a rehearing, and now, after such rehearing, we withdraw the opinion formerly filed and file this in place of it.

With respect to the error upon which the new trial originally was granted, it appears that on the voir dire examination of the jury one John Herbert was asked if he could be a fair and impartial juror, and he answered in the affirmative. Attorneys for both defendants stated in affidavits that Herbert was also asked whether he or any member of his family had been involved in an accident and that his answer was in the negative. One of plaintiffs' attorneys, in a counteraffidavit, stated that Herbert was not asked this question. The trial court, in a memorandum, stated that it had no independent recollection as to whether or not the question was asked.

After the trial, an investigator for defendant bus company interviewed Herbert and took a statement from him from which it appears that about 4 years prior to the trial of these actions Herbert's daughter and her husband, while passengers in a cab, had been injured in an accident only a short distance from the place of the accident here in question. After litigation, they recovered some damages. In his sworn statement Herbert was asked:

"Q.  Do you think that your daughter's accident influenced you in any way—did you have her accident in mind?

"A.  All the time.

"Q.  During the course of the trial?

"A.  All the time, yes.

*     *     *     *     *

"Q.  Having in mind your daughter's accident and all the circumstances around that during the hearing and deliberations on this case, do you think you were at all influenced in your decision in this case by your daughter's accident?

"A.  Well, I was; I could say yes, I suppose.* * *

*     *     *     *     *

"Q. With your daughter's case in mind—

"A. Yes.

"Q. —you would favor the plaintiffs in this case, too, to a certain extent?

"A. Yes."

He stated further that he felt that the damages awarded his daughter and her husband were inadequate.

Whether Herbert was asked the question involved depends largely on who is correct in his recollection of the facts. We believe that the inconsistency between the affidavits of attorneys for defendants and that of plaintiffs' is in all probability due to an inaccurate recollection of what transpired on the part of one or the other rather than to a deliberate attempt to submit perjured statements. Ordinarily, a matter of this kind would be left for the trial court's determination where the affidavits are in conflict.

Upon reconsideration, we are of the opinion that it is undesirable to permit attorneys or investigators for a defeated litigant to harass jurors by submitting them to interrogation of this kind without more protection for the ascertainment of the facts than appears in this case. We do not wish to encourage or approve the practice of so doing. Cases may and do arise where a juror's untruthful answering of questions propounded upon a voir dire examination will prevent a litigant from having a fair trial. Where such cases arise, and the facts come to light after the rendition of a verdict, some method of obtaining relief obviously should be available. However, rather than permit or encourage the promiscuous interrogation of jurors by the defeated litigant, we think that the better practice would be to bring the matter to the attention of the trial court, and, if it appears that the facts justify so doing, the trial court may then summon the juror before him and permit an examination in the presence of counsel for all interested parties and the trial judge under proper safeguards. If that were done, a situation such as we have here could not arise. A record then could be made which could be presented to this court if any doubt existed about the correctness of the trial court's ruling after such hearing.

■ After a reconsideration of this matter, we would be inclined to

abide by the trial court's decision if the only error in the case consisted of the action taken on the voir dire examination of the juror Herbert. However, the case is an extremely close one on the question of negligence. There are other errors which very well could have been of sufficient importance in such a close case to swing the balance in favor of plaintiffs. Among them is the ruling on the opinion of a witness, the Reverend E. K. Roberts, a Presbyterian clergyman. He witnessed the accident from a point on Seventy-third Street about 300 feet east of the intersection. On cross-examination by plaintiffs' attorney, he was asked:

"Would it have taken much application of brakes by the bus to have avoided this accident?"

The question was objected to on the ground that it called for the conclusion of the witness and was improper cross-examination. The objection was overruled, and the witness answered:

"I would say yes, that the brakes would have avoided the accident."

The question clearly was improper. No foundation was laid to show that the witness either was familiar with the operation of a bus or that he had any more knowledge of what would have happened by the application of brakes than any member of the jury. In such a close case as this on the question of liability the error clearly was prejudicial.

Again in his final argument to the jury, plaintiffs' counsel proceeded to lay down the law in an action where more than one tortfeasor was involved. He stated:

"Let me say this: They [Minneapolis Suburban Bus Company] don't have to be one hundred per cent negligent for these parties to collect. If the Minneapolis Suburban bus is one per cent negligent and that negligence was the proximate cause of the accident, that is all you have to determine; then they are in this lawsuit."

Proper exception was taken to this argument with a request for a mistrial or, if that was denied, for a specific instruction to the jury to disregard this part of plaintiffs' argument. We agree with the trial court's statement in its memorandum that it would have been difficult to have given the jury a specific instruction without overemphasizing or confusing the law as to the relative liability of joint tortfeasors. However,

the argument was improper and in all probability prejudicial, and here, again, in such a close case, we cannot overlook it.

There are other errors which are of minor importance standing alone but when considered in combination with others may well have deprived defendants of a fair trial. The trial court justly felt that the verdicts as to two of plaintiffs were excessive. Upon a consideration of the entire record, we are of the opinion that the case is one in which justice requires a retrial.

Reversed.

The opinion herein filed February 5, 1960, is hereby withdrawn, and the foregoing opinion is substituted in lieu thereof.