BEVANS TUPPER v. DICK N. DIRKS.

193 N. W. 2d 800.

January 14, 1972—Nos. 42951, 43106.

*Spellacy & Lano, John A. Spellacy,* and *O. C. Adamson, II,* for appellant.

*O'Leary, Trenti, Berger & Carey* and *Paul Q. O'Leary,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

PER CURIAM.

Plaintiff sues for personal injuries resulting from a collision between two snowmobiles. The jury found the drivers negligent in equal proportions. Plaintiff appeals.

The parties are in substantial agreement concerning the facts. On January 2, 1970, they were operating snowmobiles on a farm in rural Itasca County when they ascended a slope, about 40 feet apart, with defendant slightly ahead of plaintiff. Defendant lost traction and turned sharply to the left, striking the right side of plaintiff's vehicle and severely injuring plaintiff's right leg.

Although the jury found the drivers equally negligent, in response to interrogatories they fixed plaintiff's damages at $13,500. Because the wages he lost substantially exceeded the total award of damages, plaintiff asserts that the verdict was the result of passion and prejudice which also tainted the jury's deliberations on the question of liability. He further contends that defendant violated Minn. St. 1969, § 84.87, subd. 2(a, b),[1] governing the operation of snowmobiles, and that the jury should have been instructed that such a violation was negligence

---

[1] Amendments to Minn. St. 1969, § 84.87, by L. 1971, c. 491, § 2, and by L. 1971, c. 577, § 8, do not affect the result herein.

per se rather than prima facie evidence of negligence. Finally, plaintiff complains of the fact that the wife of one of the jurors advised plaintiff's mother during the course of the trial that "this would be the day where he [the juror] would really do some business on the case that involved [defendant]," and that the juror was well acquainted with defendant's wife. This relationship was not disclosed at the voir dire.

We find no irregularities which require a new trial. The lower court expressed satisfaction with the verdict and with the conduct of the jury. While we might well have reached a different decision had we been the triers of the facts, it is neither our duty nor prerogative to assume that function.

With respect to the claim of jury misconduct, plaintiff failed to pursue the procedures we outlined in Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960), recently reviewed in Olberg v. Minneapolis Gas Co. 291 Minn. 334, 191 N. W. 2d 418 (1971). Where measures which we have prescribed for dealing with such problems are not followed at the trial, the issue may not be raised for the first time on a motion for a new trial. Accordingly, the judgment is affirmed.

Affirmed.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.