CALVIN SCHRUPP AND ANOTHER v.
KERMIT L. HANSON AND ANOTHER.

235 N. W. 2d 822.

November 7, 1975—No. 45068.

*Gault, MacKenzie, Gustafson & Litynski, Malcolm K. Mac-Kenzie,* and *Jerold M. Lucas,* for appellants.

*Berens, Rodenberg & O'Connor* and *Wm. T. O'Connor,* for respondents.

Heard before Otis, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an action for damages and to enjoin as a nuisance a poultry and hog farm maintained by defendants on property adjacent to plaintiffs' residence near Gaylord in Sibley County. The jury found for defendants. Plaintiffs sought a new trial on the grounds of misconduct of the jury and the court's refusal to grant plaintiff a so-called Schwartz hearing. Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960). Plaintiffs' motion was denied, and they appeal from the judgment. We reverse.

Five days following the verdict, plaintiffs' counsel requested

the court to grant him a Schwartz hearing and in support of his motion filed two affidavits. The first stated in part:

"* * * [T]hat said action was duly tried to a jury of six * * * and was submitted to said jury on the 29th day of November, 1973; that among the instructions given * * *, the Court clearly advised the jury that they were not to consider any advertising from the media or in any respect what the legal consequence of their verdict might be; furthermore, the jury were given the usual specific oath to decide the matter entirely on the evidence submitted from the witness stand at the trial and not to consider any other considerations in rendering their verdict; that this affiant is advised and believes that shortly after the jury returned their verdict in the evening of said day that several of the jurors, of their own free will and accord, spoke openly to the effect that the most important consideration that they had considered in rendering their verdict was the possible adverse effect that their verdict might have on other chicken laying houses in the County of Sibley if they should decide in this case that there was a nuisance; that if in fact such considerations were the primary basis of the verdict rendered by the jury that the same would be improperly arrived at; that after receiving such information this affiant reviewed the cases of *Schwartz vs. Minneapolis Suburban Bus Company*, 258 Minn. 325 at page 328; 104 N. W. 2d 301 at page 303, 1960 case, and also the case of *Olberg vs. Minneapolis Gas Co.*, 1971 case reported in 191 N. W. 2d at page 418 (see page 424); that in such cases the cases go on to state: 'The time that a verdict loser should approach the Court to request a Schwartz hearing should be when the first suspicion of misconduct arises. Nothing should prevent the trial court from ordering a Schwartz hearing on the grounds of an oral assertion by counsel or hearsay affidavit. A defeated litigant's attorney should never interrogate a juror or telephone him for the purpose of gathering evidence for a request for a Schwartz hearing. Nor should an attorney have an investigator do this on his behalf. The trial courts should use their discretion

and good judgment to prevent the necessity of such actions and should be liberal in granting a hearing.'

"In this case and based upon this oral hearsay, a suspicion does arise as to the misconduct of the jury in arriving at the verdict in the above entitled action. For this reason this affiant makes this affidavit and in connection with its request to the trial judge for a Schwartz hearing to question the jurors relative to the matters raised by this affidavit."

In a supplementary affidavit plaintiffs' attorney stated:

"* * * [T]hat as additional information which this Affiant can make in regard to the information supplied the Court in its previous Affidavit that this Affiant has been informed that the jurors stated after rendering their verdict that they knew of either two or three other chicken laying houses located in or about Severance Township in the County of Sibley and State of Minnesota and presumably knew the owners or operators thereof and that while this information was not revealed to counsel on voir dire examination that while they agreed that the acts complained of probably constituted a nuisance, that they ruled that it did not constitute a nuisance because of the adverse effect that such finding might have on the laying house operations with which they were acquainted; that this information is only hearsay to this Affiant and its absolute veracity is not sworn to but that if true it seems that the plaintiffs were denied a fair trial by this verdict."

The trial court denied the motion by an order to which the following memorandum was attached:

"Assuming that one of the jury's primary considerations in determining no nuisance in this case was that this would affect other hen laying houses located in Sibley County is not misconduct of the type that is referred to in the Schwartz case and the subsequent cases. It is the Court's belief that a hearing in this case would be delving into the mental processes of jurors as to

how they arrived at their verdict and the law seems to be clear that this is not an area for the Court to become involved in."

In rendering our decision, we are handicapped by the absence of a transcript of the testimony and of the interrogation of the jury at voir dire. It is, therefore, with some hesitation we reverse. Nevertheless, the facts giving rise to this litigation strongly suggest a miscarriage of justice which may be attributable to the jury's misconceiving their duty.

In 1960, plaintiffs purchased property on which they built their home. In 1968, defendants erected a structure within 100 feet of plaintiffs' dwelling on unzoned property owned by defendants. Since then defendants have operated a poultry business in the building which houses some 20,000 birds. In addition, defendants manage a hog-raising business. Plaintiffs claim that the odors vented from the building are intolerable and are aggravated by the smell of boiling dead chickens for use as hog feed.

It is argued by defendants that poultry raisers in Sibley County conduct a business amounting to $1,800,000 a year, and that the economic impact on defendant and others similarly situated was a valid consideration for the jury to weigh in determining whether or not plaintiff was entitled to relief. Be that as it may, if defendants' business was in fact a private nuisance as to plaintiffs' adjoining property, it seems clear that plaintiff was entitled to relief notwithstanding the fact that this result would have some adverse effect on the poultry business throughout the county.

It was, therefore, incumbent on the trial court to conduct at least a preliminary inquiry into the validity of the hearsay charges that the jury found defendants' operation constituted a nuisance but, nevertheless, denied plaintiffs relief. What we said in Olberg v. Minneapolis Gas Co. 291 Minn. 334, 343, 191 N. W. 2d 418, 424 (1971), is here pertinent:

"The time that a verdict loser should approach the court to

request a Schwartz hearing should be when the first suspicion of misconduct arises. Nothing should prevent the trial court from ordering a Schwartz hearing on the grounds of an oral assertion by counsel or hearsay affidavit."

Because the jury has long since been discharged, we deem it inappropriate to conduct a belated Schwartz hearing. Accordingly, we hold that in the interests of justice a new trial is required.

Reversed and remanded. No costs shall be allowed to either party.