STATE of Minnesota, Respondent,

v.

Rodney Pierre CALLENDER, Appellant.

No. 49452.

Supreme Court of Minnesota.

July 3, 1980.

Rehearing Denied Nov. 4, 1980.

William W. Fink, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, Asst. County Atty., David W. Larson, Asst. County Atty., Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1978), and possession of a pistol by a felon, Minn.Stat. § 624.713 (1978), and was sentenced by the trial court to a limited prison term of one year and one day to ten years (instead of the maximum twenty) for the robbery and a concurrent maximum term of five years for the weapons offense. On this appeal from judgment of conviction, defendant seeks (a) outright reversal of both his convictions on the ground that the evidence on the issue of identity was legally insufficient, (b) a reversal of the weapons conviction on the ground that the legislature never intended that a felon who commits a robbery with a firearm should be subject to a conviction both for unlawfully possessing a pistol and for committing an aggravated robbery, (c) a new trial on the ground of prosecutorial misconduct and erroneous admission of other-crime evidence, (d) a remand for a *Schwartz*[1] hearing to determine whether racial prejudice infected the jury verdict, or (e) a vacation of the sentence for the weapons conviction pursuant to Minn.Stat. § 609.035 (1978) on the ground that the conviction arose from the same behavioral incident as the robbery.

There is no merit to defendant's contention that the evidence of his guilt was insufficient to sustain the convictions, and our examination of the record satisfies us that the prosecutor did not commit prejudicial misconduct and that the trial court did not prejudicially err in admitting the other-crime evidence. We are also unpersuaded by defendant's contention that a

1. *See Schwartz v. Minneapolis Suburb. Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960).

felon who uses a firearm to commit a robbery may be convicted of the offense of aggravated robbery but not of being a felon in possession of a firearm. Defendant's alternative contention relating to the weapons offense is that his sentence for that offense should be vacated on the ground that the offense arose from the same behavioral incident as the aggravated robbery. As in *State v. Spann*, 287 N.W.2d 406 (Minn.1979), we need not decide this issue because the state in its brief indicates that it does not oppose the vacation of concurrent sentence for the weapons offense.

■ A more difficult issue raised by defendant, who is black, is his contention that the trial court erred in refusing to conduct a so-called *Schwartz* evidentiary hearing on defendant's claim that the jury deliberations may have been infected by racial prejudice. The *Schwartz* hearing was requested by defendant's trial attorney after he was allegedly approached by two of the jurors and told that racial epithets had been uttered during the course of the jury deliberations. Rule 606(b) of the Minnesota Rules of Evidence generally disallows juror testimony or affidavits concerning what transpired in the course of jury deliberations to impeach a verdict and provides that, even in those situations in which jurors may testify in thought processes. *See State v. Hill*, 287 N.W.2d 918 (Minn.1979); *State v. Domabyl*, 272 N.W.2d 745 (Minn. 1978). The purpose of the rule is to promote freedom of jury deliberations, but the rule should not be interpreted as completely foreclosing inquiry into jury deliberations even in cases in which there is strong evidence that racial prejudice infected the jury's verdict. *See Tobias v. Smith*, 468 F.Supp. 1287 (W.D.N.Y.1979); 11 P. Thompson, *Minnesota Practice—Evidence* 229 (1979); Note, *Impeachment of Verdicts by Jurors—Rule of Evidence 606(b)*, 4 Wm. Mitchell L.Rev. 417, 432, 436 (1978); 3 J. Weinstein, *Evidence* 606–35 to 606–37 (1978).

■ We conclude, however, that we need not remand for a *Schwartz* hearing since a reading of the record satisfies us that no substantial evidence supports the claim that racial prejudice infected the verdict.

The sentence for the weapons offense is vacated and the aggravated robbery conviction is affirmed.

Affirmed.