STATE of Minnesota, Respondent,

v.

Terrance L. HENDERSON, Appellant.

No. C7–84–229.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Co. Atty., Rick Osborne, Asst. Co. Atty., Minneapolis, for respondent.

Jonathan G. Steinberg, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Terrance L. Henderson appeals his conviction of first degree assault in violation

of Minn.Stat. §§ 609.221 and 609.11. Henderson contends he was denied a fair and impartial trial because a juror slept during parts of the trial and was denied due process because the court prohibited jury members from taking notes during the trial. We affirm.

## FACTS

On May 18, 1983, Terrance L. Henderson was found guilty of first-degree assault following a jury trial. On June 2, 1983, Henderson moved for an order granting a new trial or setting aside the verdict, claiming a juror had slept during most of the court's instruction.

The trial court then held a *Schwartz* hearing.[1] The juror testified she didn't recall dozing during the instructions. When asked if she dozed during the instructions, she replied, "I might have. I know I did the day before for sure, but I didn't think I did that day." Defense counsel asked if she recalled the court's instructions on the difference between direct and circumstantial evidence, prior convictions of witnesses or the defendant, and a juror's consideration of the evidence in light of the law. The juror replied affirmatively but did not recall the court's instruction about presumption of innocence.

Henderson's mother, his wife, and his mother's friend testified the juror went to sleep during the prosecutor's closing argument and woke near the end of the court's instructions. Each one testified the juror kept nodding. Another juror testified the first juror slept during the court's instructions. She did not recall the sleeping juror being confused about the law.

Appellant testified he observed the juror start to sleep at the end of the prosecution's closing argument and wake at the end of the court's instructions. He told his counsel about his observation after the jury returned its verdict.

An alternate juror was available until dismissed after the trial court's charge to the jury. Appellant's motion for a new trial for juror misconduct was denied.

## ISSUES

1. Did the trial court err when it denied a motion for a new trial based on juror misconduct?

2. Did the trial court err by prohibiting jurors from taking notes during trial?

## ANALYSIS

1. Henderson contends he was denied a fair and impartial trial because the juror slept through parts of the trial. The State contends Henderson waived his right to raise the issue because he failed to object in a timely manner. Henderson acknowledges he observed the juror falling asleep during the prosecutor's closing argument and sleeping from then until the end of the court's instructions. Henderson did not tell his counsel of his observations until after the jury returned its verdict. He argues his right to complain was not waived because (1) his failure to bring the misconduct to the attention of the court was not a subterfuge, (2) his conduct could not rationally benefit him, and (3) he did not appreciate the gravity of the situation.

■ Allegations of juror misconduct must be brought to the attention of the trial court at the first suspicion of juror misconduct. *Zimmerman v. Witte Transportation Co.*, 259 N.W.2d 260, 262 (Minn. 1977).

> A party who learns of a misconduct of a juror during trial may not keep silent and then attempt to take advantage of it in the event of an adverse verdict.

*State v. Durfee*, 322 N.W.2d 778, 786 (Minn.1982).

■ Henderson's arguments regarding the gravity of the misconduct and absence of subterfuge are irrelevant under *Durfee*

---

1. In *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960), the Minnesota Supreme Court outlined the procedures to be followed when a party seeks to impeach a verdict. Minn.R.Crim.P. 26.03, subd. 19(6) codified the procedures outlined in *Schwartz.*

and *Zimmerman*. He did not establish he did not know the gravity of the misconduct or he intended no subterfuge. Henderson's claim that his conduct could not benefit him is meritless. By waiting until after the verdict was returned, Henderson could move for a new trial based on juror misconduct if the verdict was not favorable to him. Because he failed to timely advise the court he observed the juror sleeping during closing arguments and instructions, Henderson waived his right to raise the issue of jury misconduct.

■ While our courts have not specifically addressed the sleeping juror problem, in other jury misconduct cases a defendant must show actual misconduct and that the misconduct resulted in prejudice. *See, e.g., State v. Peterson*, 262 N.W.2d 706, 707 (Minn.1978); *State v. Kyles*, 257 N.W.2d 378, 381 (Minn.1977). In this case the record does not establish when or for how long the juror dozed. The State, as well as the defendant, could have been prejudiced. Since Henderson failed to demonstrate he was prejudiced, we affirm the trial court's denial of a motion for a new trial based on juror misconduct.

■ 2. Minn.R.Crim.P. 26.03, subd. 12 allows jurors to take notes of the evidence presented and take the notes with them for deliberations. During preliminary instructions, the trial court told the jury not to take notes during the trial. Defense counsel made no objection to this preliminary instruction. If a defendant fails to object to jury instructions at trial, the right to contest them on appeal is waived. Minn.R.Crim.P. 26.03, subd. 18(3); *see State v. LaForge*, 347 N.W.2d 247, 251 (Minn.1984).

■ However, an instruction error with respect to fundamental law or a controlling principle may be assigned in a motion for a new trial even though it was not raised earlier. Minn.R.Crim.P. 26.03, subd. 18(3). Here the error does not constitute error as to fundamental law or a controlling principle. It was not assigned in the motion for a new trial. Thus, Henderson waived his

right to have the jury instructions considered on appeal.

**DECISION**

Appellant waived his right to object to a juror sleeping because he remained silent until after the jury returned its verdict. The court could have repeated the instructions or appointed the alternate juror if the objection was timely. Finally, appellant waived his right to object to the court's order forbidding the jury from taking notes during trial.

Affirmed.