**STATE of Minnesota, Respondent,**

v.

**William Dwight McRAE, Appellant.**

**No. CX–85–185.**

Court of Appeals of Minnesota.

July 16, 1985.

Review Denied Aug. 29, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant William McRae was convicted of criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344(c) (1984) and was sentenced to a prison term of 24 months. On appeal he contends he is entitled to a new trial because (1) the jury was not impartial, (2) he was removed from the courtroom in violation of his right to be present, and (3) the court erroneously admitted *Spreigl* evidence. We affirm.

## FACTS

McRae had dated the victim for about six months in 1983, and during that time they had engaged in a consensual sexual relationship. By February 1984 the victim was seeing another man. On May 1, 1984, as the victim was entering her apartment, McRae forced her inside and subjected her to multiple sexual assaults.

During trial a juror handed the trial judge a note indicating that one of a group of men in the hall outside the courtroom had said, in effect, to the jury, "You better vote guilty or we'll kill you." The trial court tightened security to ensure that the individual would not return. The trial court then conducted a *Schwartz* hearing. *See Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960). The court then said to the jury, "But I'd like to ask if any of the jurors feel that that remark bothers them to a point where they couldn't be fair to Mr. McRae, who had apparently nothing to do with this.

Are any of you concerned about that to a point where you couldn't sit and arrive at a fair verdict?" One juror indicated the remark bothered her, but "not to the point where I couldn't separate that from what's going on here. * * * It will not affect my decision." Defense counsel said, "The Court's comment is totally proper and the Court has stated that the Defendant had nothing to do with any of those persons."

## ISSUES

1. Was appellant denied an impartial jury when a third party threatened to kill jurors unless they voted to convict?

2. Was appellant denied his constitutional right to be present when he was removed from the courtroom after interrupting proceedings?

3. Did the trial court abuse its discretion in admitting *Spreigl* evidence?

## DISCUSSION

### I

■ McRae argues on appeal, as he did in a motion for a new trial, that his right to an impartial jury was prejudiced and that even though defense counsel did not move for a mistrial, the court should sua sponte have called a mistrial.

The trial court conducted a *Schwartz* hearing to determine what effect, if any, the remark had on the jurors' ability to fulfill their duty and to decide the case impartially. The court was in the best position to gauge the jurors' responses and determine whether they were sincere in stating they would not be affected and could act fairly. Further, defense counsel believed the trial court handled the matter properly and did not seek to poll the jury or request a mistrial. McRae has made no showing that the jury was prejudiced against him. *See State v. Wahlberg*, 296 N.W.2d 408, 421 (Minn.1980). Had the trial court sua sponte declared a mistrial, a serious double jeopardy issue would have resulted. *See Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *State v. McDonald*, 298 Minn. 449,

215 N.W.2d 607 (1974); *State v. White*, 369 N.W.2d 301 (Minn.Ct.App.1985).

### II

McRae claims his right to be present during trial was violated when he was removed from the courtroom after he continued to interrupt the prosecution's closing argument. McRae's removal was sanctioned by Minn.R.Crim.P. 26.03, subd. 1(2), which provides:

The further progress of a trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to waive his right to be present whenever:

\* \* \* \* \* \*

a defendant after warning engages in conduct which is such as to justify his being excluded from the courtroom because it tends to interrupt the orderly procedure of the court and the due course of the trial. As an alternative to exclusion, the court may use all such methods of restraint as will ensure the orderly procedure of the court and the due course of the trial.

■ When a defendant insists on interrupting for the purpose of addressing jurors even when told it is not his time to do so, he may be removed from the courtroom. *State v. Jones*, 311 Minn. 176, 181–83, 247 N.W.2d 427, 430–31 (1976); *State v. Kluck*, 299 Minn. 161, 166–68, 217 N.W.2d 202, 206–07 (1974). Under these circumstances the defendant waives his right to confrontation. *Illinois v. Allen*, 397 U.S. 337, 345–46, 90 S.Ct. 1057, 1061–62, 25 L.Ed.2d 353 (1970).

■ Here the trial court determined that, based on its observation, McRae would continue to interrupt the arguments of the prosecutor and defense counsel. The court did not feel it was appropriate to bring McRae in for the final arguments in restraints and that it would be more "humane" and fair if McRae simply were not present for the final arguments. The Supreme Court has indicated that restraints

are a matter of "last resort." *State v. Stewart*, 276 N.W.2d 51, 61 (Minn.1979). We concur in the trial court's judgment.

## III

 After the State's case was completed, the trial court heard further arguments on admission of *Spreigl* evidence. The trial court admitted the evidence under the "common plan or scheme" exception to show lack of consent. *See* Minn.R.Evid. 404(b). This evidence consisted of testimony that two months after the charged offense, McRae met a woman on a bus and the next day obtained a ride from her to Lindstrom, Minnesota. On the return trip they engaged in sexual intercourse. When they arrived at her apartment in St. Paul, McRae locked the door and ordered the woman to remove her clothes. He then forced her to engage in multiple sexual acts and beat her.

This incident is sufficiently similar in terms of time and modus operandi to be relevant to the charged offense. The crimes were only two months apart. The victims were people McRae knew before and with whom he had had previous consensual intercourse. In both cases he entered the victim's residence and used force to engage in multiple forms of sexual activity. The evidence of McRae's participation in the *Spreigl* offense was clear and convincing, and we cannot upset the trial court's discretionary determination that the probative value outweighed its potential for unfair prejudice. *See State v. Filippi*, 335 N.W.2d 739, 743–44 (Minn.1983).

## DECISION

Appellant was fairly tried by an impartial jury despite the fact that a third person threatened the jury. The trial court did not abuse its discretion in removing appellant from the courtroom for persistent interruptions during closing argument or in admitting *Spreigl* evidence.

Affirmed.