**Paul A. BARRY, et al., Relators,**

v.

**The ST. ANTHONY–NEW BRIGHTON INDEPENDENT SCHOOL DISTRICT 282, et al., Respondents,**

**Minnesota Office of Administrative Hearings, Respondent.**

**No. A09–1093.**

Court of Appeals of Minnesota.

April 20, 2010.

---

Erick G. Kaardal, Mohrman & Kaardal, P.A., Minneapolis, MN, for relators.

James E. Knutson, Knutson Flynn Deans & Olsen, Mendota Heights, MN, for respondents school district, Jane Eckert, David Evans, Barry Kinney, Don Siggelkow, Leah Slye, Mike Volna.

Minnesota Office of Administrative Hearings, St. Paul, MN, respondent.

Considered and decided by KLAPHAKE, Presiding Judge; PETERSON, Judge; and SHUMAKER, Judge.

## OPINION

PETERSON, Judge.

In this appeal from an administrative law judge's dismissal of relators' complaint for failing to allege a prima facie violation of the Minnesota campaign-finance statutes, relators argue that the administrative

law judge improperly construed the statute and erroneously found that the complaint failed to state a prima facie case. We affirm.

## FACTS

Relators Paul Barry and David Spano reside within the St. Anthony–New Brighton Independent School District 282 (the school district). Relators filed a complaint with the office of administrative hearings (the OAH) alleging that the school district and its six school-board members violated Minnesota's Campaign Financial Reports Act, Minn.Stat. §§ 211A.01–.14 (2008), and Fair Campaign Practices Act, Minn.Stat. §§ 211B.01–.37 (2008).

Relators' complaint alleges that respondents caused an election to be held on May 20, 2008, on four separate ballot questions regarding four separate bond issues. Three of the ballot questions were defeated in the election, and one passed. The complaint alleges that, before the election, the school district and the school board "promoted the passage of all ballot questions through the use of public funds, including salary or hourly-paid employees of the School District." The complaint states that in response to relators' request, the school district provided relators with the following list of expenditures that the school district made during the campaign that preceded the election:

| | |
|---|---|
| Tracy Printing | $ 3,879; |
| Synergy Graphics | $ 1,377; |
| Dustin Deets (video) | $ 18,500; |
| Wold Architects (referendum planning) | $ 8,670.45; |
| School Finances (demographics) | $ 3,000; |
| Decision Resources (survey) | $ 10,000; and |
| Schroeder Comm. (referendum assist.) | $23,037.20. |

The complaint also alleges that school-district officials met with the public during business hours to promote the ballot questions. As an example of these meetings, the complaint states that on April 21, 2008, the school-district superintendent and a high-school principal spoke to a group called the Vital Aging Council. The complaint alleges that although this event occurred during the school business day, the superintendent's and principal's time was not listed on the district's list of expenditures as an in-kind contribution or other type of expense.

The complaint alleges that the school district or the school board allowed the contributions, approved the expenditures, and encouraged the school district to incur the expenses to promote the passage of the ballot questions in the May 2008 election and that at all times the school district and school board knew that Minnesota law required the filing of financial reports for ballot-question referendums. Based on these allegations, the complaint claims that the school district or the school board violated (1) Minn.Stat. § 211A.02 by failing to file a financial report after spending more than $750 in a calendar year relating to the May 2008 ballot question; (2) Minn. Stat. § 211A.03 by failing to file a financial report; (3) Minn.Stat. § 211A.05 by intentionally failing to file a financial report; (4) Minn.Stat. § 211A.06 by failing to report or keep an accurate account of salary expenditures for each time a school-district official attended a public or private forum during business hours and by failing to account for public funds transferred as contributions to the school district's campaign to promote passage of the ballot questions; and (5) Minn.Stat. § 211B.15, subd. 9, by contributing to a media project to encourage people to vote for the passage of the ballot questions.

An administrative law judge (ALJ) issued an order dismissing relators' complaint for failing to allege a prima facie violation of Minn.Stat. §§ 211A.02, .03, .05, .06, or Minn.Stat. § 211B.15, subd. 9. This certiorari appeal followed.

## ISSUE

Did relators' complaint set forth a prima facie violation of chapter 211A or 211B?

## ANALYSIS

A complaint alleging a violation of Minnesota Statutes chapter 211A or 211B must be filed with the OAH. Minn.Stat. § 211B.32, subd. 1 (2008). "The complaint must ... detail the factual basis for the claim that a violation of law has occurred." *Id.*, subd. 3 (2008). The administrative law judge assigned to review the complaint must make a preliminary determination for its disposition. Minn.Stat. § 211B.33, subd. 1 (2008). "If the administrative law judge determines that the complaint does not set forth a prima facie violation of chapter 211A or 211B, the administrative law judge must dismiss the complaint." *Id.*, subd. 2(a) (2008).

"A party aggrieved by a final decision on a complaint filed under section 211B.32 is entitled to judicial review of the decision as provided in [Minn.Stat. §§ ] 14.63 to 14.69...." Minn.Stat. § 211B.36, subd. 5 (2008).

In a judicial review under sections 14.63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) unsupported by substantial evidence in view of the entire record as submitted; or

(f) arbitrary or capricious.

Minn.Stat. § 14.69 (2008).

■ "When a decision turns on the meaning of words in a statute or regulation, a legal question is presented. In considering such questions of law, reviewing courts are not bound by the decision of the agency and need not defer to agency expertise." *St. Otto's Home v. Minn. Dep't of Human Servs.*, 437 N.W.2d 35, 39–40 (Minn.1989) (citations omitted). This court reviews questions of statutory interpretation de novo. *In re Risk Level Determination of C.M.*, 578 N.W.2d 391, 395 (Minn.App.1998).

The ALJ determined that relators' complaint failed to allege a prima facie violation of Minn.Stat. §§ 211A.02, .03, .05, .06, or Minn.Stat. § 211B.15, subd. 9, and, therefore, as required under Minn.Stat. § 211B.33, subd. 2(a), the ALJ dismissed the complaint. The statute does not define "prima facie violation." "In construing the statutes of this state, ... technical words and phrases and such others as have acquired a special meaning, ... are construed according to such special meaning," unless doing so "would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn.Stat. § 645.08(1) (2008). Both the supreme court and this court have considered what it means to set forth a "prima facie case."

In *State v. Larson*, the supreme court considered what a defendant must set forth to establish a prima facie case of jury misconduct before a *Schwartz* hearing[1] is mandated. 281 N.W.2d 481, 484 (Minn. 1979). The supreme court concluded: "To establish a prima facie case, a defendant must submit sufficient evidence which,

---

1. *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960).

standing alone and unchallenged, would warrant the conclusion of jury misconduct." *Id.* In *Geibe v. Geibe*, this court considered what a moving party must set forth to obtain a hearing on a motion to modify a child-custody order. 571 N.W.2d 774, 777 (Minn.App.1997). The applicable statute in *Geibe* required the party seeking modification to submit an affidavit asserting the facts on which the motion was based. *Id.* This court explained:

> The court must determine whether the petitioner has established a prima facie case by alleging facts that, if true, would provide sufficient grounds for a modification. For purposes of this determination, the court must accept the facts in the moving party's affidavits as true, and the allegations do not need independent substantiation.
>
> If the moving party asserts facts sufficient to support a modification of custody, the court must hold an evidentiary hearing to determine the truth of the allegations.

*Id.* (citations omitted).

■ Under *Larson* and *Geibe*, to set forth a prima facie case that entitles a party to a hearing, the party must either submit evidence or allege facts that, if unchallenged or accepted as true, would be sufficient to prove that the party is entitled to the requested relief. If the evidence or factual allegations set forth a prima facie case, a hearing is held to evaluate the credibility of the evidence or the truth of the allegations.

Applying the meaning of "prima facie case" under *Larson* and *Geibe*, we conclude that the phrase, "set forth a prima facie violation of chapter 211A or 211B," in Minn.Stat. § 211B.33, subd. 2(a), means to include evidence or allege facts that, if accepted as true, would be sufficient to prove a violation of chapter 211A or 211B. Because Minn.Stat. § 211B.32, subd. 3, expressly requires that a complaint alleging a violation of chapter 211A or 211B must "detail the factual basis for the claim that a violation of law has occurred," we further conclude that this construction of the phrase is not inconsistent with the manifest intent of the legislature, or repugnant to the context of Minn.Stat. § 211B.33, subd. 2(a). Consequently, a complaint must be dismissed if it does not include evidence or allege facts that, if accepted as true, would be sufficient to prove a violation of chapter 211A or 211B.

■ The ALJ's conclusion that relators' complaint does not set forth a prima facie violation of chapter 211A or 211B is based in part on the ALJ's determination that the provisions of these chapters apply to a "committee," and neither the school district nor the school board falls within the statutory definitions of "committee." For purposes of chapter 211B,

> '[c]ommittee' means two or more persons acting together or a corporation or association acting to influence the nomination, election, or defeat of a candidate or *to promote or defeat a ballot question.* Promoting or defeating a ballot question includes efforts to qualify or prevent a proposition from qualifying for placement on the ballot.

Minn.Stat. § 211B.01, subd. 4 (2008) (emphasis added).[2]

---

**2.** For purposes of chapter 211A, " '[c]ommittee' means a corporation or association or persons acting together to influence the nomination, election, or defeat of a candidate or to promote or defeat a ballot question. Promoting or defeating a ballot question includes efforts to qualify or prevent a proposition from qualifying for placement on the ballot." Minn.Stat. § 211A.01, subd. 4 (2008). Although the language of this definition is not the same as Minn.Stat. § 211B.01, subd. 4, the substance of the two definitions is the same.

Relators do not dispute that the provisions of chapters 211A and 211B that they claim have been violated do not apply to the school district and the school board if neither the district nor the board falls within the statutory definition of "committee." [3] But they argue that the school district is within the definition of "committee" because it is a public corporation and the school board is within the definition of "committee" because it is two or more persons acting together.

Relators' arguments do not address the additional statutory requirement that to come within the definition of "committee," it is necessary that an entity act to promote or defeat a ballot question. Even if the word corporation, as used in the definition of committee, includes a school district, and the school board is two or more people acting together, neither of these facts, by itself, places either entity within the definition of committee. Neither the school district nor the school board is a committee if it has not acted to promote or defeat a ballot question.

Relators allege in their complaint that the school district and the school board used public funds to promote the passage of the ballot questions. But the complaint does not include any specific factual allegations that support this general allegation. The complaint identifies several expenditures that the school district made during the campaign period that preceded the bond-issue election. It states the amounts of the expenditures, names the recipients of the payments, and includes a one-or two-word description of the purposes for some of the expenditures. This informa-

tion suggests that some of the expenditures were for printing and video work, which, in turn, suggests that those expenditures involved communications of some sort. But there are no factual allegations in the complaint that describe the content of any message communicated by the school district or the school board. Similarly, the complaint alleges that the school-district superintendent and a high-school principal promoted the ballot questions by speaking to the Vital Aging Council, but it does not include any allegations about what either the superintendent or the principal said.

Even if the school district and the school board were responsible for the communication expenditures alleged in the complaint, without any factual allegations about the content of the communications, there is no basis to conclude that by making the expenditures, the school district and the school board were acting to promote or defeat a ballot question. And if they were not acting to promote or defeat a ballot question, neither was a committee. Consequently, we conclude that the factual allegations in the complaint, if accepted as true, are not sufficient to prove a violation of chapter 211A or 211B, and the ALJ properly dismissed the complaint under Minn.Stat. § 211B.33, subd. 2(a).

### DECISION

Because relators' complaint does not include specific factual allegations about the content of the information communicated by the school district and the school board, the allegations in the complaint are not

---

**3.** Minn.Stat. § 211A.02, subd. 1 (2008), requires a committee to submit an initial report. Minn.Stat. § 211A.03 (2008) requires a committee to submit a final report. Minn.Stat. § 211A.05, subd. 1 (2008), creates duties for the treasurer of a committee. Minn.Stat. § 211A.06 (2008) makes certain conduct by a treasurer or other individual who receives

money for a committee a misdemeanor offense. Minn.Stat. § 211B.15, subd. 9 (2008), states that corporate contributions to public media projects do not violate section 211B.15 if the projects are not controlled by or operated for the advantage of a candidate, political party, or committee."

sufficient to prove that the school district or the school board became a committee by acting to promote a ballot question. Because the allegations in the complaint are not sufficient to prove that the school district or the school board became a committee, the complaint does not set forth a prima facie violation of chapter 211A or 211B, and the ALJ properly dismissed the complaint under Minn.Stat. § 211B.33, subd. 2(a).

**Affirmed.**