*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2321**

State of Minnesota,
Respondent,

vs.

Antawon Antonio Baker,
Appellant.

**Filed November 3, 2014
Affirmed
Klaphake, Judge**[*]

Sherburne County District Court
File No. 71-CR-12-1910

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Leah G. Emmans, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hooten, Presiding Judge; Johnson, Judge; and

Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

On appeal from his conviction of burglary, appellant Antawon Antonio Baker argues that the district court erred by denying his request for a *Schwartz* hearing regarding jury misconduct. We affirm.

## DECISION

Appellant argues that the district court erred by denying his request for a *Schwartz* hearing because a juror was allegedly intimidated into convicting him. *See Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960) (stating the procedure for questioning jurors following a verdict to determine whether jury misconduct occurred). "In cases in which a petitioner alleges juror misconduct, the trial court may order a hearing with jurors who were privy to the alleged misconduct in the presence of all interested parties." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (citing *Schwartz*, 258 Minn. at 328, 104 N.W.2d at 303). To warrant a *Schwartz* hearing to examine possible jury misconduct, a "defendant must first present evidence that if unchallenged would warrant the conclusion that jury misconduct occurred." *State v. Jackson*, 615 N.W.2d 391, 396 (Minn. App. 2000), *review denied* (Minn. Oct. 17, 2000). This court will reverse a district court's decision not to hold a *Schwartz* hearing only if it abused its discretion by denying a request for the hearing. *State v. Church*, 577 N.W.2d 715, 721 (Minn. 1998).

After appellant's trial, a juror spoke with appellant's defense counsel. Appellant's defense counsel requested a *Schwartz* hearing and submitted an affidavit outlining the

conversation. The juror explained that she felt "strongly intimidated and pressured into voting for conviction," and that "the jury ignored the evidence, and were mostly interested in getting done with the deliberations so they could go home." Based on this evidence, the district court denied appellant's request for a *Schwartz* hearing by reasoning,

> The evidence that's proffered to the Court at this time does not indicate that there was any extraneous, prejudicial information improperly brought to the jury's attention nor does the information indicate that there was any outside influence improperly brought to bear on any juror. And finally the evidence does not demonstrate that there was threat of violence or a violent act brought to bear on the jurors from whatever source, whether it be internal or external to reach a verdict.

We conclude that the district court did not abuse its discretion by denying appellant's request. "The trial court must distinguish between testimony about 'psychological' intimidation, coercion, and persuasion, which would be inadmissible, as opposed to express acts or threats of violence." Minn. R. Evid. 606(b) 1989 committee cmt. The juror stated that she felt "strongly intimidated and pressured," but did not indicate that she had been threatened with violence, received improper extraneous prejudicial information, or outside influence.

Appellant argues that because defense counsel "did not question [the juror] in any way and simply allowed her to speak what was on her mind . . . it is quite possible that more details would have emerged if [the juror] was questioned about threats of physical violence." We disagree. Appellant is correct that "it is undesirable to permit attorneys or investigators for a defeated litigant to harass jurors by submitting them to interrogation

3

. . . without more protection for the ascertainment of the facts." *Schwartz*, 258 Minn. at 303, 104 N.W.2d at 328. But appellant bears the burden to "present evidence that if unchallenged would warrant the conclusion that jury misconduct occurred." *Jackson*, 615 N.W.2d at 396. Standing alone and unchallenged, the juror's statements do not warrant a *Schwartz* hearing. Consequently, the district court did not err by denying appellant's request.

**Affirmed.**