*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1501**

State of Minnesota,
Respondent,

vs.

Alfonzo Benjamin Jones,
Appellant.

**Filed August 24, 2015
Affirmed
Reilly, Judge**

Hennepin County District Court
File No. 27-CR-13-31537

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his conviction of failing to register as a predatory offender under Minn. Stat. § 243.166 (2012), arguing that (1) the state failed to prove beyond a

reasonable doubt that appellant failed to notify authorities of a new primary address, (2) the district court erred by not declaring a mistrial, and (3) the district court abused its discretion by denying appellant's request for a *Schwartz* hearing. We affirm.

**FACTS**

Appellant Alfonzo Benjamin Jones is required to register as a lifetime predatory offender under Minn. Stat. § 243.166 and to verify his primary address with the Minnesota Bureau of Criminal Apprehension (BCA) on an annual basis. Appellant completed the initial registration form in 2005, listed a primary address on Penn Avenue in Minneapolis in 2009, and was generally compliant with the registration requirements from 2005 until February 2012. In February 2012, the BCA sent the annual registration letter to appellant at his registered address. The post office returned the letter to the BCA, and appellant was marked as a noncompliant offender. In February 2013, the BCA mailed an annual verification letter to appellant which was again returned as undeliverable. In August 2013, a police officer spoke with the property owner and confirmed that appellant was not living at his registered address.

Appellant admitted that he moved from Minnesota to Missouri in February 2012 to live with his mother and his sister. Appellant later moved from Missouri to Texas. Appellant claimed that he did not realize he was required to notify the Minnesota BCA of his address change and did not know that he was required to register in either Missouri or Texas. In September 2013, the state charged appellant with one count of failing to register as a predatory offender in violation of Minn. Stat. § 243.166, subd. 1b, and the district court issued a warrant for his arrest. The state later extradited appellant from

2

Texas to Minnesota. A jury trial was held in May 2014. Prior to trial, the parties stipulated that appellant was required to register as a predatory offender for the time period between February 6, 2012, and March 2013.

Following closing arguments, the district court judge instructed the jurors and dismissed the alternate juror. Shortly after leaving the courtroom, the jury sent back a note informing the district court that one of the jurors currently lived in "very close proximity" to appellant and the jury had a "personal concern" regarding the juror's role. The district court judge instructed the deputy not to allow the jurors to begin deliberating and called the alternate juror back to the courtroom. The district court conferred with the attorneys. Appellant's attorney stated that appellant did not want to move for a mistrial and wanted the jury to deliberate with the alternate juror, and the state agreed. The district court excused the juror "before deliberations commenced" and replaced him with the alternate. The district court advised the jury that the dismissal "should not have any impact or be discussed in any way in your deliberations" and once again excused them to begin deliberating.

The jury returned a verdict finding appellant guilty of failing to register as a predatory offender between February 6, 2012, and March 31, 2013. Appellant moved for a *Schwartz* hearing for the purpose of impeaching the jury's verdict under Minnesota Rule of Criminal Procedure 26.03, subd. 20(6), and *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960). The district court denied the motion and committed appellant to the custody of the commissioner of corrections for one year and one day. This appeal followed.

3

**D E C I S I O N**

Appellant raises three arguments on appeal: first, that his conviction should be reversed because the state failed to prove beyond a reasonable doubt that he failed to register a new address; second, that the district court committed reversible error by failing to declare a mistrial after dismissing a juror from deliberations; and lastly, that the district court abused its discretion by denying appellant's request for a *Schwartz* hearing. We address each argument in turn.

**I.**

Appellant argues that the state did not prove beyond a reasonable doubt that he failed to notify law enforcement of a new primary address at least five days before residing at the new primary address. In considering a claim of insufficient evidence, we conduct "a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction," is sufficient to allow the jurors to reach the verdict they did. *State v. Caine*, 746 N.W.2d 339, 356 (Minn. 2008) (quotation omitted). We assume the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). If the conviction is based on circumstantial evidence, we apply a heightened standard of review and (1) identify the circumstances proved and defer to the jury's "acceptance of the proof of these circumstances," and then (2) "examine independently the reasonableness of all inferences that might be drawn from the circumstances proved," including "inferences consistent with a hypothesis other than guilt." *State v. Al-Naseer*, 788 N.W.2d 469, 473-

74, 477 (Minn. 2010) (quotations omitted); *State v. Porte*, 832 N.W.2d 303, 310 (Minn. App. 2013) (quotations omitted).

Minnesota's predatory offender registration statute requires an individual convicted of certain offenses to register a primary address with the state. *See generally* Minn. Stat. § 243.166, subds. 1b, 3(a); *State v. Nelson*, 812 N.W.2d 184, 187 (Minn. App. 2012). After the initial registration, registrants are required to notify law enforcement at least five days before moving to a new primary address. Minn. Stat. § 243.166, subd. 3(b). This subdivision specifically provides that:

> [A]t least five days before the person starts living at a new primary address, including living in another state, the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person currently is registered. If the person will be living in a new state and that state has a registration requirement, the person shall also give written notice of the new address to the designated registration agency in the new state.

*Id.*

The state charged appellant with failing to provide written notice to the BCA of his new primary address at least five days prior to residing at a new address. A combination of direct and circumstantial evidence supports this conviction. *See State v. Silvernail*, 831 N.W.2d 594, 602-06 (Minn. 2013) (Stras, J., concurring) (elucidating proper standard to apply when state proves disputed element of a criminal offense by circumstantial evidence or by a combination of direct and circumstantial evidence). During trial, appellant testified that he left the state in 2012 and moved to Missouri to live with his sister. *See Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004) (defining

5

"[d]irect evidence" as "evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption" (quotations omitted)).

The evidence is also sufficient to support the conviction under a heightened standard of review. *See Al-Naseer*, 788 N.W.2d at 473. First, the circumstances proved are that appellant no longer lived at his Penn Avenue address. Appellant failed to provide notice that he had a new primary address after he left his former residence, and two separate registration forms were returned as undeliverable in 2012 and 2013. The property owner also testified that appellant did not live at the Penn Avenue address. Second, the only reasonable inference to be drawn from this evidence is that appellant had a new primary address. Based upon our independent examination, we conclude that there are no "inferences consistent with a hypothesis other than guilt," *id.* at 477, and the evidence is sufficient to prove that appellant failed to register as a predatory offender.

Appellant maintains that the state failed to prove that he had a new primary residence by direct evidence of a new address and relies on *Nelson* for the proposition that "[t]o prove beyond a reasonable doubt that [a registrant] failed to register a new primary address at least five days before he started living there, as required by the first sentence of section 243.166, subdivision 3(b), the state must prove the existence of a new primary address." 812 N.W.2d at 188. But *Nelson* supports our determination that the state may prove a new primary address through circumstantial evidence. *See id*. at 188-90. The *Nelson* court applied the two-step circumstantial evidence test and determined that the state's case failed on the second prong, because while one reasonable inference was that the registrant obtained a new primary address outside of Minnesota, there were

6

three other reasonable inferences that did not support the guilty verdict. *Id*. at 189-90. The circumstantial evidence is stronger here than in *Nelson* and amply supports the conviction. We conclude that there is sufficient evidence to support the jury's determination that appellant violated Minn. Stat. § 243.166 by failing to notify law enforcement of his new primary residence.

**II.**

Appellant argues that the district court committed reversible error by failing to declare a mistrial after dismissing a juror prior to deliberations. The parties disagree over the appropriate standard of review. The state argues that, because appellant asked the district court not to declare a mistrial, this court should review under the invited-error doctrine. *See State v. Benton*, 858 N.W.2d 535, 540 (Minn. 2015). Appellant argues that this court should instead apply the plain-error test. "Under the invited error doctrine, a party cannot assert on appeal an error that he invited or that could have been prevented at the district court." *State v. Carridine*, 812 N.W.2d 130, 142 (Minn. 2012). The invited-error doctrine does not apply if an error meets the plain-error test. *Id*. The plain-error test gives us discretion to review unobjected-to errors if (1) there was an error, (2) the error was plain, and (3) the error affected the "substantial rights" of the defendant. *Id.* If all three prongs are satisfied, a reviewing court decides whether to address the error to ensure "fairness and the integrity of the judicial proceedings." *Id*. (quotation omitted). Even if we agreed with appellant and applied the more stringent plain-error test, we determine that appellant is not entitled to relief.

7

Under the first and second prongs, this court must consider whether the district court plainly erred by failing to sua sponte declare a mistrial after dismissing the juror. An error is plain if it is "clear" or "obvious." *State v. Reed*, 737 N.W.2d 572, 583 (Minn. 2007) (quotations omitted). Typically, a plain-error determination requires a showing that the error "contravenes case law, a rule, or a standard of conduct." *Id.* (quotation omitted). Under rule 26.02, in the event that a juror becomes unable to serve before the jury is released to deliberate, the district court must replace the juror with an alternate. Minn. R. Crim. P. 26.02, subd. 9. However, "[i]f a juror becomes unable or disqualified to perform a juror's duties after the jury has retired to consider its verdict, a mistrial must be declared," unless the parties agree to continue with a lesser number of jurors. *Id.* Here, the excused juror was released before deliberations began, and therefore the district court did not contravene the law or otherwise plainly err.

Moreover, we determine that if there was any error, it did not affect appellant's substantial rights. In order to satisfy this prong, appellant must show that the error was "prejudicial" and "affected the outcome of the case." *State v. MacLennan*, 702 N.W.2d 219, 236 (Minn. 2005). Appellant argues that the district court's failure to declare a mistrial was "inherently prejudicial because it would have been impossible for the jury to return a guilty verdict had the trial court declared a mistrial." But it was appellant himself who did not want the court to declare a mistrial and requested that the jury deliberate with an alternate juror. His attorney stated on the record that appellant "doesn't want me to move for a mistrial" and "wants [the alternate juror] to come back

8

for this current jury to continue deliberating." It is disingenuous for appellant to now claim that he was "inherently prejudic[ed]" by the district court's acquiescence to this request. *See State v. Ross*, 472 N.W.2d 651, 654 (Minn. 1991) (stating that it is not the judge's function to explore merits of case or matters of trial strategy and tactics with the defendant). Appellant has failed to satisfy the plain-error test, and consequently we hold that the district court did not commit plain error by allowing the alternate juror to deliberate.

## III.

Appellant argues that the district court abused its discretion by denying his request for a hearing to determine whether a juror's comments contaminated the jury. A defendant may move for a hearing to impeach a jury's verdict. Minn. R. Crim. P. 26.03, subd. 20(6). A district court may hold a hearing, commonly known as a *Schwartz* hearing, to determine if juror misconduct occurred. *See Schwartz*, 258 Minn. at 328, 104 N.W.2d at 303. At the hearing, the district court may question "jurors who were privy to the alleged misconduct in the presence of all interested parties." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004). We review the denial of a *Schwartz* hearing for an abuse of discretion. *Id.*

Appellant asserts that one of the jurors committed misconduct by stating to the other jurors that he was uncomfortable participating in reaching a verdict because he lived in close proximity to appellant. At appellant's urging, the district court excused the juror and replaced him with an alternate. The jury subsequently returned a guilty verdict, and appellant moved for a *Schwartz* hearing alleging juror misconduct. The district court

9

denied the motion, reasoning that appellant failed to make a prima facie showing of juror misconduct. On appeal, appellant contends that the district court abused its discretion because the juror's comments potentially affected the jury's verdict.

A defendant must establish a prima facie case of jury misconduct before a *Schwartz* hearing is warranted. *State v. Larson*, 281 N.W.2d 481, 484 (Minn. 1979). "To establish a prima facie case, a defendant must submit sufficient evidence which, standing alone and unchallenged, would warrant the conclusion of jury misconduct." *Id.* Appellant argues that the juror's statements "had a high probability of affecting the jury's ability to remain impartial," but did not submit evidence supporting this statement. "[A] *Schwartz* hearing is inappropriate where the claim of misconduct is wholly speculative and . . . not based on any evidence reasonably suggesting that misconduct had occurred." *State v. Usee*, 800 N.W.2d 192, 201 (Minn. App. 2011) (quotation omitted), *review denied* (Minn. Aug. 24, 2011). In its order denying the request for a hearing, the district court determined that:

> [The juror's] conduct does not constitute a showing of misconduct. The juror was appropriately excused before deliberations commenced, and the Court provided a curative instruction, ordering the jury not to discuss the juror's excusal. The Court does not believe the juror's conduct before deliberation had any effect on the outcome of the jury's verdict. Had the juror participated in actual deliberation, a finding of misconduct may be appropriate.

Appellant speculates that the alleged misconduct compromised the jury panel's ability to remain impartial. Appellant has not presented any evidence establishing a

prima facie case of misconduct.  Therefore, we hold that the district court did not abuse

its discretion by denying appellant's motion for a *Schwartz* hearing.

**Affirmed.**