Fernando F. MONTES, Appellee,

v.

Lauren BETCHER and Evelyn Betcher, d/b/a The Hagen Resort, Appellants.

No. 72-1527.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1973.

Decided July 11, 1973.

O. C. Adamson, II., Minneapolis, Minn., for appellants.

John T. Chapman, Minneapolis, Minn., for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL,* District Judge.

* Chief Judge, District of South Dakota, sitting by designation.

NICHOL, District Judge.

On the warm Sunday afternoon of July 13, 1968, 35 year old Fernando Montes, a citizen of Nebraska, took a running dive off a short dock which served the Appellants' resort, one of the many enhancing Minnesota's beautiful lakes. He surfaced with a severely lacerated scalp and a vertebral fracture. Shortly after the incident, a jagged piece of concrete was recovered from the lake floor in the general area where plaintiff had entered the water. The concrete piece resembled the home-made boat anchors constructed by Appellants to use in the boats which frequented the boat dock.

Plaintiff, Montes, a proficient swimmer and diver, claims that he executed a flat, "racing" dive because he knew he was plunging into shallow water. The water depth was variously described to be from 27 in. to waist level. Montes testified, however, that his ultimate purpose was to grab the ankles of a friend who was standing in the water 15 feet from the end of the dock, a purpose which would require either a deep dive or a subsequent submergence.

Montes was very familiar with the swimming area, and had executed dives from the boat dock on numerous previous occasions. Never before had he encountered rocks or blocks in the water. He admitted to having imbibed two or three drinks on the afternoon of the accident.

The Appellants, Mr. and Mrs. Betcher, citizens of Minnesota, had owned the resort since 1963. They charged $10 per day for cabin accommodations. Although the area surrounding the boat dock was perennially in use by Appellants' swimmer-patrons and although Mr. Betcher had seen swimmers jump off the boat dock, he testified that he had never made any special attempt to inspect the lake bottom for debris nor had he ever "raked" the shoreline lake bottom. Never had he erected signs warning of the dangers of diving in the shallow water or the possible presence of debris in the swimming area. Never had he placed floats in the water to discourage the intrusion of boats into the swimming and diving area; in fact there was no segregation whatsoever of swimming waters from boating waters.

The case went to the jury on a comparative negligence instruction. The jury adjudged defendants 90% negligent and the plaintiff 10% negligent. The Appellants-defendants challenge the sufficiency of the evidence to support submission to the jury and the Trial Court's refusal to instruct on assumption of risk.

■ A jury must not be denied the right to make reasonable inferences from the evidence. Hanson v. Christensen, 275 Minn. 204, 145 N.W.2d 868, 874 (1966). Given that premise, we conclude that the jury could have reasonably inferred that the Appellee came into contact with the concrete block rather than with the bottom of the lake.

Appellants' challenge to the submission of the case to the jury is based upon a contention that the Trial Court was mistaken in the formulation of Appellants' duty to their guests. They first contend that a riparian owner is not responsible for the safe maintenance of property beyond the meander line of a lake, which line marks the boundary between Appellants' shoreline land and submerged land which belongs to the state. But even if Appellants are held responsible for the maintenance of submerged lands, Appellants contend, that responsibility extends only to the remedy of dangerous conditions known to Appellants or of which they could have acquired knowledge had they been in the exercise of reasonable care. Since there was no evidence that Appellants knew of the presence of the cement block nor that it had been there long enough to mandate an invocation of constructive knowledge, Appellants contend the case should not have gone to the jury.

■■ The Trial Court correctly rejected these formulations of duty (or lack thereof). Relying upon the case of

Hanson v. Christensen, 275 Minn. 204, 145 N.W.2d 868 (1966), the Court held a resort owner who avails himself of the advantages of riparian ownership for resort purposes owes to his patrons a duty of reasonable care which includes "active vigilance" in their protection from foreseeable risks. *See also*, Diker v. City of St. Louis Park, 268 Minn. 461, 130 N.W.2d 113, 116 (1964) (and cases cited therein); Lindgren v. Voge, 260 Minn. 262, 109 N.W.2d 754, 758 (1961). The Court thus rejected the necessity of showing actual knowledge of the existence of the dangerous condition or of showing that the condition was of sufficient duration to afford constructive notice, which are the ordinary standards of care in the business invitee situation.

■■ The jury was perfectly justified in determining that Appellants had violated this duty in any one or more of three respects: (1) their failure to warn of the dangers of diving off the boat dock; (2) their failure to periodically "rake" the swimming-diving area in search of dangerous obstructions; (3) their failure to segregate swimming areas from boating areas. In the absence of any evidence of an intervening-superseding cause, the jury was also justified in concluding that the Appellants' omissions were the cause of Appellee's injuries. The jury's allocation of negligence between the Appellants and the Appellee pursuant to Minnesota's comparative negligence statute, Minn.Stats. Ann. Sec. 604.01 (1969), is determinative absent a showing that there was no evidence to support it. Donovan v. Dixon, 261 Minn. 455, 113 N.W.2d 432, 435 (1962); Karis v. Kroger Co., 26 Wis.2d 277, 132 N.W.2d 595, 599 (1965). That clearly is not the case.

■■ Appellants also contend that the Trial Court's failure to instruct on assumption of risk warrants reversal and a new trial. Marshalled against this position are Appellee's arguments that, first, Appellants failed to submit a timely request for the instruction and, second, the merger of the defense of assumption of risk into the defense of contributory negligence, declared by the case of Springrose v. Willmore, 292 Minn. 23, 192 N.W.2d 826 (1971), applies to abrogate the necessity of instructing on assumption of risk. We find it unnecessary to treat these arguments because we cannot find sufficient evidence in the record to support an instruction on assumption of risk. To justify an instruction on assumption of risk, there must be evidence to support three jury findings: (1) that plaintiff had knowledge of the risk; (2) that he appreciated the risk; (3) that he had a choice to avoid the risk or chance it and voluntarily chose to chance it. Tatro v. Carlson, 271 Minn. 536, 137 N.W.2d 187, 193 (1965). The risk of which we speak is the risk of coming into contact with the cement block and not the risk of hitting the lake bottom. "The fact that the plaintiff is fully aware of one risk, as for example that of the speed at which a car is being driven, does not mean that he assumes another of which he is unaware, such as the failure of the driver to watch the road." W. Prosser, The Law of Torts 464 (3rd ed. 1964) (and cases cited therein). There is no evidence in the record that Appellee was aware of, appreciated, or voluntarily assumed the risk of hitting the cement block. He had executed many dives from the boat dock and never had he encountered obstructions. One witness testified that it was the usual practice for experienced swimmers to dive off the boat dock and swim to the diving dock anchored off-shore. Appellee testified that he had been vacationing at the resort every summer since 1963 and never had he encountered stones or blocks in the water. Appellee could hardly have assumed a risk of which he was not aware.

We therefore find that there was sufficient evidence to support a plaintiff's verdict and that the defense of assumption of risk is inapplicable to this fact situation.

Affirmed.