## GILBERT NEBBEN AND ANOTHER v. HARLAN KOSMALSKI AND OTHERS.

239 N. W. 2d 234.

February 13, 1976—No. 45534.

*Winter, Lundquist, Sherwood & Athens* and *Marvin E. Lundquist,* for appellants.

*Prindle, Maland & Stennes* and *W. D. Prindle,* for respondents Bratmoe and Greseth.

*Molter & Runchey* and *Robert C. Runchey,* for respondents Kosmalski and Hiepler.

Heard before Kelly, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Aagot Nebben and her husband appeal from orders denying post-trial relief and judgment based on a special verdict finding neither driver negligent in a head-on collision. We affirm.

Mrs. Nebben was a passenger in an automobile operated by Gladys Bratmoe. The Bratmoe vehicle was proceeding west on Highway No. 212 approaching Dawson, Minnesota. Harlan Kosmalski was proceeding easterly on the same highway at about 10 p. m. on June 19, 1972. It was a dark night, with drizzle and mist requiring the occasional but not continuous use of wind-

shield wipers. Both vehicles were proceeding within the speed limit. Bratmoe observed the lights of the Kosmalski car approaching but paid no particular attention to the automobile until it was about 40 feet away. At that point, the Kosmalski vehicle swerved across the highway into Bratmoe's lane of traffic. Bratmoe applied her brakes and pulled to the right onto the shoulder. The point of impact was on the shoulder adjacent to Bratmoe's lane of traffic, and the vehicles collided head on.

Kosmalski testified that about 10 seconds before the collision took place an unknown object unexpectedly crossed in front of his windshield, briefly obscuring his vision. He further testified that in reaction to this episode he pulled off onto the shoulder of the highway, and when he attempted to return to the roadbed, his vehicle struck a rut or lip causing it to go out of control, across the highway, and into the path of the Bratmoe vehicle.

Nebben and Olga Greseth, passengers in the Bratmoe vehicle, sustained injuries as a result of the accident. Kosmalski's insurer settled various claims and deposited the balance of the available insurance funds with the clerk of district court subject to further order of the court.[1] Prior to trial, Nebben and Greseth settled their claims against Kosmalski and Donald Hiepler, the owner of the car driven by Kosmalski, and agreed upon a division of the funds.

During the trial of this matter, the judge overruled Nebben's objections to questions eliciting her statement, made shortly after the accident, that Bratmoe was not to blame for the accident. Moreover, the judge did not grant the protective order sought by Nebben against use of her deposition for purposes of

---

[1] This procedure is sometimes referred to as a Pierringer release. See, Pierringer v. Hoger, 21 Wis. 2d 182, 124 N. W. 2d 106 (1963). The Wisconsin Supreme Court held that where one or more alleged joint tortfeasors has settled with the plaintiff, the issue at trial between the plaintiff and the nonsettling tortfeasor(s) is the percentage of the latter's negligence, which can be determined only by an allocation of *all* the causal negligence of *all* the tortfeasors.

showing that she had reached any conclusions as to Bratmoe's fault.

During his final argument, defense counsel asked the jury to answer in the negative the four special verdict questions as to the negligence of each defendant and whether it was a proximate cause of the collision.[2] Plaintiff's counsel, in final argument, asked the jury to answer these four questions in the affirmative, and further stated:

"* * * And if you want Mr. and Mrs. Nebben to recover their damages, that is required. Because if you did what Mr. Runchey [defense counsel] said, write all of those no, she wouldn't get a dime. So then if you want her to be recompensed, in compliance with the law and the facts in this case, write all of those yes. It's very important that you do that."

Plaintiff's counsel concluded his final argument by stating:

"* * * And when you see any of those folks when you walk out of this courtroom you can have your head up high and you can say that this was our concerted judgment; we did justice. Or if you would see Mr. or Mrs. Nebben tomorrow you could say on the streets of Dawson, we did you right. And in order to do that this is very important, be sure you answer all four of those questions yes, and I mean all four."

Defendant's counsel made a motion for a mistrial, which was denied, but the trial court gave the following cautionary instruction over plaintiff's objection:

"Now, some reference was made in argument that for plaintiffs to recover you will have to find both—to answer all four questions yes. The Court instructs you that this is not correct.

[2] "1. Was Harlan Kosmalski negligent in the operation of the motor vehicle * * *?"

"2. Was such negligence a direct cause of the damages * * *?"

"3. Was Gladys Bratmoe negligent in the operation of the motor vehicle * * *?"

"4. Was such negligence a direct cause of the damages * * *?"

*You determine which party was negligent. And it may be either one or both of them.* But it's for you to determine." (Italics supplied.)

The matter was submitted to the jury with instructions as to negligence, causation, and the emergency rule. No instruction was given as to unavoidable accident, but the judge did instruct the jury that the mere fact of an accident's occurrence does not mandate a determination of negligence. The jury found neither Kosmalski nor Bratmoe negligent.

Nebben appealed, alleging: (1) The trial court erred in refusing to issue a protective order regarding Nebben's prior statement as to Bratmoe's lack of fault; (2) the corrective jury instruction regarding which special interrogatories had to be answered affirmatively for plaintiff to recover was improper; (3) the jury functioning judicially could not find that the collision was an unavoidable accident with no negligence on the part of the two drivers; (4) the trial judge's refusal to conduct post-trial inquiries into alleged jury misconduct was improper; and (5) the judge's failure to order Kosmalski's insurer to pay interest on the settlement monies which had been deposited in court was improper.

■ Nebben contends that her statement absolving Bratmoe of blame for the collision should not have been admitted into evidence, since she was engrossed in conversation in the rear seat of the car immediately prior to the accident and had little opportunity to observe Bratmoe's driving or any other surrounding circumstances. Therefore, Nebben maintains that there was no foundation for her prior assertion that Bratmoe was not at fault.

Even if Nebben's assertions as to her inability to observe the events in question are accepted, however, that still would not constitute a sufficient basis for excluding the statement at issue. That statement is an admission against interest, and the overwhelming weight of authority in the United States is that no foundation is required to be laid for the introduction into evi-

dence of an admission against interest. McCormick, Evidence (2 ed.) § 262; 4 Wigmore, Evidence (Chadbourn Rev. 1972), § 1053. This well-established rule has been adopted in Minnesota. As stated in 7A Dunnell, Dig. (3 ed.) § 3408:

"The primary use and effect of an admission is to discredit a party's claim by exhibiting his inconsistency in other utterances. It is therefore immaterial whether these other utterances would have been independently receivable as the testimony of a qualified witness. It is their inconsistency with the party's present claim that gives them logical force, and not their testimonial credit."

See, Binewicz v. Haglin, 103 Minn. 297, 115 N. W. 271 (1908); Johnson v. Farrell, 210 Minn. 351, 298 N. W. 256 (1941); Lowe v. Shearer, 239, So. 2d 86 (Fla. App. 1970); Mallonee v. Finch, 413 P. 2d 159 (Alaska 1966).

■ Counsel for Nebben in his brief and oral argument insists that his final argument was proper since he was merely responding to defense counsel's suggestions to the jury as to how they should answer the special interrogatories involved. However, plaintiff's counsel's argument went beyond merely suggesting how the jury should answer the questions, inaccurately stating what the legal consequence would be if his suggestion were not followed. The trial court was therefore required to correct this inaccuracy in response to a defense motion. Moreover, by failing to object to these corrective instructions after they were given by the judge below, Nebben has waived her right to raise this issue on appeal. Donald v. Moses, 254 Minn. 186, 94 N. W. 2d 255 (1959).

■ As to the jury's finding that neither defendant was negligent, Nebben has misstated the issue. Nebben apparently assumes that this conclusion was based on the jury's finding that the case involved an unavoidable accident. However, the legal theory of unavoidable accident was never submitted to the jury either by instructions or argument. Rather, the instructions left

it up to the jury to determine whether or not either driver was negligent, stating that the mere fact that an accident occurred does not give rise to a presumption that any negligence was involved. Accordingly, we view Nebben's allegation of error on this issue as a request that we find the defendants or one of them negligent as a matter of law.

With respect to Bratmoe, there is no evidence whatsoever to justify such a conclusion. As to Kosmalski, his testimony regarding the events leading up to the collision was properly for the jury to consider and we will not substitute our judgment for theirs unless the result is palpably contrary to the evidence. Hestad v. Pennsylvania Life Ins. Co. 295 Minn. 306, 311, 204 N. W. 2d 433, 437 (1973). Even if a reversal of the jury's determination were mandated as to Kosmalski, such a disposition would have no practical effect since these parties have already settled their claims. We find no merit in Nebben's contentions on this issue.

■ Nebben's request for a so-called Schwartz hearing investigating the jury's deliberation process is supported by an affidavit alleging that the jury failed to comprehend the court's instructions on negligence. The trial court properly rejected this request since it was not based on alleged jury misconduct, which was the specific justification for the narrow rule we prescribed in the Schwartz case. Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960). Rather, this affidavit attempted to impeach the verdict on the basis of facts inherent in the verdict itself, contrary to fundamental principles regarding the integrity and secrecy of the jury deliberation process:

"* * * [A]fter a jury has been discharged, no affidavit of a juror, and no affidavit of any other person relating to what a juror had said, will be received to impeach the verdict where the facts sought to be shown inhere in the verdict itself, such as the attempt to show that the jurors misapprehended the evi-

dence, or did not understand the charge of the court, or that they misconceived the legal consequences of their factual findings as to negligence * * *." 14A Dunnell, Dig. (3 ed.) § 7109(2).

See, also, Gardner v. Germain, 264 Minn. 61, 117, N. W. 2d 759 (1962); Bauer v. Kummer, 244 Minn. 488, 70 N. W. 2d 273 (1955).

■ Lastly, Nebben contends she is entitled to interest on her share of the money which Kosmalski's insurer paid into court prior to trial. None of the defendants made a commitment to pay interest on this money. Moreover, we agree with the trial court's statement that where money is paid into court the clerk has no authority to deposit such money in an interest-bearing account without an order of the court. Nebben made no application for such an order and cannot now complain that the clerk kept the money in his trust account where it did not generate interest.

Affirmed.