**Scott BELLON, et al., Appellants,**

v.

**Roger KLAWITTER, et al., Respondents.**

**Roger KLAWITTER, et al., Respondents,**

v.

**Scott BELLON, et al., Appellants.**

**Nos. 81–222, 81–224.**

Supreme Court of Minnesota.

Aug. 27, 1982.

Lommen, Nelson, Sullivan & Cole and Mark N. Stageberg, Minneapolis, for appellants.

Jardine, Logan & O'Brien and Mark Fonken, St. Paul, for respondents.

WAHL, Justice.

The plaintiffs Scott Bellon and Dart Transit Company commenced this action to recover for personal injuries and property damage sustained in a vehicular collision between trucks driven by Bellon and the defendant Roger Klawitter. Klawitter and his employer Bird Trucking instituted a similar action against Bellon and Dart and the actions were consolidated for trial to a jury. Bellon and Dart appeal from the judgment reflecting the jury's apportionment of negligence and award of damages and from the denial of their post-trial motions. We affirm as modified.

The plaintiffs' primary assignment of error on appeal is that the jury's two apportionments of negligence, one relating to the collision and the other relating to a subsequent frostbite injury sustained by Klawitter, are so inconsistent and irreconcilable as to require either a new trial or a reduction in the damages awarded to Klawitter. The jury here found that Bellon was 60% and Klawitter 40% negligent in causing the collision and that Bellon was 65% and Klawitter 35% negligent in causing Klawitter's post-collision frostbite injury.

The applicable standard is set forth in *Reese v. Henke*, 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967) as follows: "[T]he verdict is to be liberally construed to give effect to the intention of the jury and to harmonize answers to interrogatories if it is possible to do so. The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences."

In the instant case, the inconsistency is not of sufficient magnitude to require a new trial, particularly where, as here, a review of the record and the inferences which may be drawn from the evidence would adequately support a reduction of the apportionment to reconcile the inconsistency. When such an inconsistency appears which is most appropriately remedied by a reduction, the prevailing party should have an opportunity either to accept the reduction or to obtain a retrial of the question; however, the parties here appear in agreement that, in the event the court views the responses as irreconcilable, modification and not a new trial is in order. Such a modification is therefore ordered resulting in a reapportionment of negligence relating to Klawitter's post-collision injury to Bellon of 60% and Klawitter of 40%.

The court is further of the view that the remaining issues raised on appeal by the plaintiffs were properly within the province of the jury or the trial court and should be affirmed.

Affirmed as modified.