Marion STRAUSS, et al., Appellants,

v.

WASECA VILLAGE BOWL,
Respondent.

No. C9–85–694.

Court of Appeals of Minnesota.

Dec. 17, 1985.

**132**

John H. McLoone, IV, Maureen M. Byron, Waseca, for appellants.

George S. Roth, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and LANSING, J.

## OPINION

SEDGWICK, Judge.

This appeal is from the trial court's denial of a motion for a *Schwartz* hearing or in the alternative for a new trial. We affirm.

## FACTS

Appellant Marion Strauss was injured when she slipped and fell in respondent's bowling alley. After a two-day trial, the jury returned its special verdict finding that respondent's negligence did not cause Strauss's injuries, but apportioned 25% of fault to respondent. The relevant verdict questions and answers are:

1. Was the Defendant negligent in the operation of the bowling alley on December 29, 1979, at or immediately prior to this accident?

Answer: YES

2. If your answer to Question #1 is "YES", then answer this question: Was such negligence a cause of the accident?

Answer: NO

3. Was the Plaintiff, Marion Strauss, negligent on December 29, 1979, at or immediately prior to this accident?

Answer: YES

4. If your answer to Question # 3, is "YES", then answer this question: Was such negligence a cause of the accident?

Answer: YES

5. If your answer to one or more of Questions # 2 and # 4 is "YES", then you will answer the appropriate parts of this question: Taking the combined negligence which caused the accident as 100%, what percentage is attributed to:

Marion Strauss: 75%

Waseca Village Bowl, Inc.: 25%

No objection was made to the form of the special verdict, and counsel did not notice the inconsistency until after the jury was discharged. Two weeks after trial, appellants moved for a *Schwartz* hearing on the ground of jury misconduct and clerical error. The alleged jury misconduct was based on a remark by a juror's husband made a week or so after trial that appellant would get at least $40,000 to pay her medical bills.

## ISSUE

Did the court err in denying a *Schwartz* hearing or a new trial?

## ANALYSIS

Jury Instruction Guide 148 S pertaining to comparative negligence makes clear that apportionment of negligence should only be done where the jury has affirmatively answered each of the questions regarding negligence and causation. However, the instruction submitted to the jury in this case indicated that the jury should apportion negligence among the parties if they answered 'yes' to one or more of the questions pertaining to causation. This misinstruction created the resulting inconsistency in the special verdict.

■ The issue of comparative negligence is not a separate and distinct issue ·from that of comparative fault. *Juvland v.*

*Mattson,* 289 Minn. 365, 184 N.W.2d 423 (1971).

■ The trial court has broad discretion in dealing with inconsistent jury answers. *Haugen v. International Transport, Inc.,* 364 N.W.2d 484, 486 (Minn.Ct.App.1985), *pet. for rev. granted* (Minn. June 14, 1985); *Peterson v. Haule,* 304 Minn. 160, 174–75, 230 N.W.2d 51, 60 (1975). The verdict is to be liberally construed to effect the intention of the jury and to harmonize answers to interrogatories if it is possible to do so. The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. *Bellon v. Klawitter,* 323 N.W.2d 735 (Minn.1982) (*citing Reese v. Henke,* 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967)); *Automated Systems, Inc. v. National Indemnity Co.,* 269 N.W.2d 749 (Minn.1978).

■ The jury's allocation of negligence between parties pursuant to Minnesota's comparative negligence statute is determinative, in the absence of a showing that there was no evidence to support it. *Montes v. Betcher,* 480 F.2d 1128, 1131 (8th Cir.1973) (citations omitted). Here, the record supports the trial court's finding that there was sufficient evidence to support the jury's determination of causal negligence. The trial court properly exercised its discretion to reconcile the inconsistency in the special verdict by recognizing "that questions # 1 through # 4 are the simplest and most important ones on the special verdict form." The answers to those questions made it clear that the jury did not believe respondent's negligence caused appellant's fall.

■ Where facts come to light which indicate misconduct on the part of a jury, the court may permit examination of the jurors in the presence of counsel to determine whether misconduct did occur. *Schwartz v. Minneapolis Suburban Bus Co.,* 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960).

Appellants' counsel suggested in his affidavit that the jury did not follow the court's instruction in answering the special

verdict. No averment of bias or coercion is made.

A jury's failure to understand instructions given it by the court is not misconduct and does not justify a *Schwartz* hearing. *Nebben v. Kosmalski*, 307 Minn. 211, 217–18, 239 N.W.2d 234, 238 (1976) (citations omitted). A *Schwartz* hearing is not justified because the jury may not have understood the legal consequences of its verdict.

### DECISION

The trial court properly denied a *Schwartz* hearing and a new trial. Affirmed.