**Robert J. LUNDGREN, D.C., as Trustee for the next of kin of Ruth Carol Lundgren, deceased, Appellant,**

v.

**Rick FULTZ, et al., Respondents.**

No. C7–85–1293.

Court of Appeals of Minnesota.

April 22, 1986.

Fred Allen, Minneapolis, for appellant.

Steven D. Jamar, J. Richard Bland, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellant's motion for judgment notwithstanding the verdict, or alternatively for a new trial, and from a judgment finding respondent not negligent. Appellant claims the trial court erred in denying a new trial because (1) the evidence was insufficient to support the verdict, (2) an alternate juror was improperly permitted to deliberate, and (3) jury misconduct occurred. We affirm.

## FACTS

On December 16, 1971, Richard Fultz, a paranoid schizophrenic, entered a restaurant near the University of Minnesota and shot and killed Ruth Lundgren in an unprovoked and random attack. Fultz committed suicide while serving a prison term for the murder. Appellant Robert Lundgren, the victim's husband, sued Dr. David Cline, Fultz's psychiatrist, for the wrongful death of his wife, alleging negligence in the care, treatment and control of Fultz. The trial court granted Dr. Cline's motion for summary judgment on the ground appellant failed to state a cause of action. The trial court held Dr. Cline was under no duty to warn the public of potential danger posed by his patient, nor did he have the duty to hospitalize Fultz upon learning the patient had stopped taking his medication. Appellant's issue regarding Dr. Cline's alleged negligence in writing a letter to University police recommending return of Fultz's handguns was not addressed by the trial court. The Supreme Court reversed and remanded for a jury trial because the unaddressed element of plaintiff's complaint stated a cause of action. *See Lundgren v. Fultz*, 354 N.W.2d 25 (Minn.1984) (providing additional background).

At trial of this issue, witnesses included members of the victim's family, the University police force captain and other officers who had known Rick Fultz. Key testimony came from Dr. Cline and appellant's expert witness, Dr. Hertzman, a psychiatrist.

Dr. Hertzman testified Dr. Cline was negligent in issuing the letter regarding return of the guns and encouraged improperly police to restore firearms to a man psychiatrists should have known was dangerous and was a foreseeable potential danger to the public.

On cross-examination, Dr. Hertzman testified the clinician is in the best position to make judgments about appropriate treatment. Hertzman admitted different psychiatrists make a different diagnosis of the same patient and even when the same diagnosis is made, different psychiatrists very frequently differ on the proper treatment for the illness. Dr. Hertzman testified that balancing the potential danger to members of the public against the need to cure people and return them as functioning, productive members of society involves the ultimate in medical judgment.

Dr. Cline said his examination of Fultz at the time indicated he was stable and productive, he was working and maintaining a stable relationship with his wife, he continued to take his prescribed medication, and his symptoms of paranoid schizophrenia had abated. He stated he exercised his best judgment for Fultz's care and treatment and did not violate any accepted standards of psychiatric practice.

The matter was tried before a six member jury with one alternate. By stipulation, the alternate was allowed to deliberate with the jury. The parties agreed a 6/7 verdict would be a majority. The jury returned a 6/7 special verdict finding Dr. Cline was not negligent in writing the letter.

A few days later, the dissenting juror called appellant to complain of the jury's conduct. Appellant contacted his attorney and a *Schwartz* hearing was held. The dissenting juror was the only witness. The trial court found no jury misconduct requiring a new trial. Appellant's motion for judgment notwithstanding the verdict, or in

the alternative a new trial was heard and denied.

## ISSUES

1. Does the evidence support the verdict?

2. Is a new trial required when parties stipulate an alternate juror may deliberate and decide as a principal juror?

3. Did the *Schwartz* hearing disclose evidence of juror misconduct requiring a new trial?

## ANALYSIS

■ 1. Appellant argues the verdict was not supported by the evidence. *See* Minn.R.Civ.P. 59.01(7).

The law is well settled in this jurisdiction that in examining a verdict on appeal the evidence must be considered in the light most favorable to the prevailing party and the verdict must be sustained if it is possible to do so on any reasonable theory of evidence. The verdict should not be disturbed unless it is manifestly and palpably contrary to the evidence.

*Carpenter v. Mattison,* 300 Minn. 273, 276, 219 N.W.2d 625, 628–29 (1974).

Here, there was conflicting testimony regarding Dr. Cline's writing the letter recommending return of Fultz's guns. The jury resolved the conflict in favor of Dr. Cline. The jury could have believed Dr. Hertzman's testimony that the clinician is in the best position to make appropriate treatment decisions and Dr. Cline's close relationship with, and observations of, Fultz justified the recommendation.

The jury acted within its discretionary province. Its verdict is not manifestly in error.

■ 2. Appellant claims the trial judge committed a fundamental error of law in failing to discharge an alternate juror at the conclusion of the evidence.

Minn.R.Civ.P. 47.02 provides:

An alternate juror who does not replace a principal juror shall be discharged after the jury retires to consider its verdict.

*Id.* However, Minn.R.Civ.P. 48 states:

The parties may stipulate that the jury shall consist of any number less than 12, or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury.

*Id.*

The record indicates the parties stipulated the jury size would be seven with the alternate participating as a full member of the jury, and a majority of all jurors with only one dissenter would constitute the jury's verdict. Appellant did not object to the procedure then and cannot raise objections on appeal.

3. Appellant claims the *Schwartz* hearing evidence disclosed improper jury conduct of such magnitude that a new trial is required. *See* Minn.R.Civ.P. 59.01(2).

■ Appellant argues the jury misconduct here was failure to consider all the evidence. The dissenting juror stated the jury examined summaries of Fultz's second hospitalization very thoroughly, in addition to discussing Fultz's handgun ownership and use of marijuana. The jury considered various aspects of the case. Appellant's claim the jury failed to consider all the evidence is groundless.

■ Appellant's other claims of jury misconduct are equally without merit. One cannot impeach a jury's verdict by showing the jury misapprehended the evidence, did not understand the jury instructions, or misconceived the legal effect of the fact findings as to negligence. *Nebben v. Kosmalski,* 307 Minn. 211, 217–18, 239 N.W.2d 234, 238 (1976). A jury verdict may not be impeached on the basis of facts that inhere in the verdict itself. *Id.* The Minnesota Supreme Court has expressly held that evidence of a juror's bias, motives or beliefs should not be considered in a *Schwartz* hearing. *Olberg v. Minneapolis Gas Co.,* 291 Minn. 334, 340, 191 N.W.2d 418, 422 (1971).

The *Schwartz* transcript consists of the dissenting juror testifying about the biases, motives and beliefs of the other jurors. The conduct complained of was that which inheres naturally in the verdict itself. The dissenting juror stated that during deliberations, another juror said she did not think there was anything wrong with smoking marijuana, and she and her husband knew people that smoked marijuana. Another juror said her husband owned handguns as a hobby and there was nothing wrong with that. Another juror complained he did not think Dr. Hertzman had enough time to review the medical reports. The dissenting juror described that juror as obnoxious. The *Schwartz* transcript read as a whole reveals no jury misconduct that would require a new trial.

## DECISION

The evidence was sufficient to support the jury's finding the treating psychiatrist was not negligent in recommending University of Minnesota police return handguns to respondent. Stipulation to an alternate juror participating in deliberations does not warrant a new trial. Jury misconduct complained of does not require a new trial.

Affirmed.