**VEIT & COMPANY, INC.,**
**Respondent (C8–87–447),**

v.

**LOWRY HILL CONSTRUCTION**
**CO., Appellant,**

**City of Plymouth, et al., Defendants,**

**Brandt Engineering & Surveying,**
**Respondent (C8–87–447,**
**C9–87–53).**

**Nos. C8–87–447, C9–87–53.**

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 30, 1987.

Robert J. Huber, Fabyanske, Svoboda, Westra, Holper & Davis, St. Paul, for Veit & Co., Inc.

Curtis D. Smith, Moss & Barnett, Minneapolis, for Lowry Hill Const. Co.

Steven E. Ness, Barry C. Rosenthal, Henretta, Lamm & Cross, Minneapolis, for Brandt Engineering & Surveying.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

### OPINION

LESLIE, Judge.

This is a consolidated appeal in a mechanic's lien foreclosure action. Appellant Low-

ry Hill Construction Co. challenges the trial court's interpretation of the special verdict. We affirm.

## FACTS

Lowry Hill was the owner and general contractor for the construction of Deerhaven Townhomes in Plymouth, Minnesota. In March 1982 Lowry Hill retained respondent Brandt Engineering & Surveying to perform engineering and land surveying services at the Deerhaven project. Brandt submitted billings to Lowry Hill totaling $14,377.75 for services performed. Lowry Hill paid Brandt $4,000 but refused to pay any more. It claimed Brandt agreed to complete the project for $4,000, and alleged Brandt performed defective work. Brandt filed mechanic's lien statements claiming a total of $11,353.65 due from Lowry Hill for unpaid work.

Lowry Hill also hired respondent Veit & Company, Inc. to perform site grading and excavation at Deerhaven for a contract price of $94,024. Veit also performed extra services for the project in the amount of $22,861. Veit completed its work, but a dispute arose concerning the amount due and whether it had completed its work according to specifications. Lowry Hill paid Veit $57,000 but refused to pay any further amount, claiming Veit failed to properly complete its work. Veit filed its mechanic's lien statement claiming Lowry Hill owed $59,885 for unpaid work on the project.

A central dispute among the parties is how Lowry Hill originally requested the landscaping completed. Brandt and Veit claim Lowry Hill wanted as many walk-out units as possible and as few slab-on-grade units as possible. Slab-on-grade units do not have basements, and the elevation at the front of the unit is the same as that at the back. Walk-out units have elevations that are nine feet higher at the front than at the back and have rear entrances at the basement level made possible by the difference in elevation. Brandt drafted the engineering plans for the project to include a high percentage of walk-out units. Veit completed the excavation in this manner.

Lowry Hill claims it requested as many slab-on-grade units as possible and that Brandt's and Veit's work was therefore defective.

Veit commenced a foreclosure action and the parties tried the matter, in a two week trial, before a jury in June 1986. The jury gave the following answers to special interrogatories:

5. Did Lowry Hill Construction Co. breach its contract with Veit & Company by its refusal to pay according to the terms and conditions of the contract for work performed?

ANSWER: (yes or no) __Yes__

6. If your Answer to Question No. 5 is "yes", what is the reasonable value of the services rendered by Veit & Company to Lowry Hill Construction, exclusive of any payments made by Lowry Hill?

ANSWER: $ __59,885.00__

\* \* \* \* \* \*

10. What is the reasonable value of engineering and surveying services performed by Brandt Engineering for Lowry Hill Construction Co., exclusive of any payments made by Lowry Hill Construction Co.?

ANSWER: $ __10,377.75__

The jury also found Brandt negligently performed its contract with Lowry Hill, causing Lowry Hill damages in the amount of $1,032.75; that Lowry Hill breached its contract with Veit; and that Veit did not breach its contract with Lowry Hill.

Veit moved the trial court to enter judgment in its favor in the amount of $59,885.00. Brandt joined in the motion and requested the court to enter judgment in its favor in the amount of $10,377.75, offset by the $1,032.75 due as a result of its negligent performance. Lowry Hill opposed the motion. It argued that a proper interpretation of the jury verdict required a deduction of the amounts previously paid prior to entry of judgment. Thus, Lowry Hill claimed the payments it had already made should be deducted from the jury awards of $59,885 and $10,377.75. Lowry Hill claimed judgment should be entered for Veit in the amount of $2,885 and

Brandt for the amount of $6,377.75, less the amount awarded to Lowry Hill on its crossclaim.

The trial court found the jury did not interpret the interrogatories in the same way Lowry Hill did. The court reasoned that the difference between the total amounts claimed by Veit and Brandt, and the amounts paid by Lowry Hill, was the exact amount filled in by the jury. Additionally, the court found the evidence supported this interpretation of the verdict. Consequently, the court granted Veit's and Brandt's motion. Lowry Hill moved for a new trial or for amended findings. The trial court denied the motion and this appeal followed.

### ISSUE

Did the trial court err in its interpretation of the jury verdict?

### ANALYSIS

■ A trial court has broad discretion to liberally construe an inconsistent verdict to effect the intention of the jury and to harmonize answers if possible. *Strauss v. Waseca Village Bowl*, 378 N.W.2d 131, 133 (Minn.Ct.App.1985). The test is whether the answers can be reconciled in any reasonable manner consistent with the evidence and its fair inferences. *Id.*

■ When analyzed in conjunction with the evidence, the jury's responses yield an inconsistent verdict. Veit's contract amount was $94,024 and there were agreed upon extras in the amount of $22,861. Veit presented credible evidence to support its claim that $59,885 was still due. The jury found Lowry Hill breached its contract with Veit but that Veit did not breach its contract with Lowry Hill. Thus a response that Veit is entitled to only $2,885 of its $59,885 claim would be inconsistent. The jury did find Brandt was liable to Lowry Hill for negligence, but only in the amount of $1,032.75. Consequently a response that Brandt is entitled to only $6,377.75 of its $10,377.75 claim would also be inconsistent. These inconsistencies must somehow be harmonized. Lowry Hill offers no explanation for harmonizing the verdict. Presum-

ably the way Lowry Hill would harmonize the inconsistencies would be to disregard the jury's findings regarding whether the parties breached the contracts. However, an additional fact cuts against this interpretation.

At trial Veit claimed it was still owed $59,885 and Brandt claimed it was still owed $10,377.75. The jury filled in these exact amounts to questions 6 and 10. It is unlikely the jury filled these numbers in by mere coincidence. The more likely explanation is that the jury filled in the net amount due Veit and Brandt, misinterpreting the literal request of questions 6 and 10. Thus, the trial court's interpretation is the more reasonable one. It was a reasonable harmonization of the inconsistent verdict and was well within the trial court's discretion.

Lowry Hill claims questions 6 and 10 of the jury verdict required the jury to determine the *gross* amount earned by Veit and Brandt. Since it was undisputed that Lowry Hill had paid Veit $57,000, the jury's verdict of $59,885 would mean the court should have ordered judgment for Veit in the amount of $2,885. ($59,885 − $57,000 = $2,885). Similarly, since it was undisputed that Lowry Hill had paid Brandt $4,000, the jury's verdict of $10,377.75 would mean the court should have ordered judgment for Brandt in the amount of $6,377.75 ($10,-377.75 − $4,000 = $6,377.75), less the amount awarded Lowry Hill on its crossclaim. The court instructed the jury to determine the reasonable value of the services rendered "exclusive of any payments made by Lowry Hill." Lowry Hill claims a strict literal interpretation of these questions would mean the jury would not take into account any previous payments. Thus, the amounts filled in in response to these questions would be a gross amount. Any previous payments made would then be deducted to arrive at the amount of the judgment.

Lowry Hill claims its interpretation is more reasonable in light of counsels' closing arguments at trial. Attorneys for Veit and Brandt requested the jury to fill in the *gross* amount earned in the jury verdict.

Veit's counsel asked the jury to fill in $116,885; Brandt's counsel asked for $14,-377.75. Thus, counsel for Veit and Brandt clearly understood questions 6 and 10 to require the jury to fill in a *gross* amount which would be offset by previous payments. This may be a reasonable interpretation of questions 6 and 10, but it does not explain the inconsistencies of the rest of the jury verdict and does not explain the fact that the jury filled in the exact net amounts requested by Veit and Brandt. It is also reasonable to assume the jury interpreted the "exclusive of" language to mean that they should subtract any payments made. Thus, it would be reasonable for it to arrive at the amounts it did and the trial court's decision makes good sense.

Lowry Hill raises additional issues, but acknowledges they depend on the resolution of the main issue. Due to our holding on the first issue, we need not reach these other issues.

### DECISION

The trial court made a reasonable interpretation to harmonize an inconsistent verdict.

Affirmed.