**STATE of Minnesota, Respondent,**

v.

**Larry MINGS, Appellant.**

**No. 49776.**

Supreme Court of Minnesota.

Feb. 15, 1980.

Rehearing Denied March 25, 1980.

McEwen & Novacek and Neil A. McEwen, Thief River Falls, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Dennis M. Sobolik, County Atty., Hallock, for respondent.

ROGOSHESKE, Justice.

Defendant was found guilty by a district court jury on charges of aggravated assault, Minn.Stat. § 609.225, subd. 2 (1978) (assault with a dangerous weapon), and disorderly conduct, Minn.Stat. § 609.72(1) (1978). The trial court stayed imposition of sentence, placing defendant on probation for 5 years on the condition that defendant spend 120 days in jail, being eligible for work release after serving 30 days. Defendant, who has been released pending this appeal from judgment of conviction, contends that his aggravated assault conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient. Alternatively, he contends that he should at least be given a new trial on the ground of jury misconduct. We affirm.

1. Defendant's first contention relates to the sufficiency of the evidence.

The evidence adduced at trial indicated that the victim of the assault by defendant was one of the two men who had started the brawl which led to the assault. However, the state's evidence revealed that while defendant may have initially acted justifiably, he continued to beat the victim after the victim was unconscious, kicking him with his cowboy boots a number of times about the head and chest. Our examination of the record, therefore, supports the conclusion that the evidence was sufficient to justify the verdict.

2. Defendant's only other contention is that the trial court erred in denying his motion for a new trial or at least in failing to order a so-called *Schwartz* evidentiary hearing on his claim of jury misconduct. *See Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960). Under R.Crim.P. 26.03, subd. 19(6), if a defendant has reason to believe that jury misconduct occurred, he must move for a summary hearing, such as that which was held in this case. At this hearing the court must decide whether to order a so-called *Schwartz* hearing for the purpose of interrogating the jurors under oath. R.Evid. 606 must be consulted to determine whether to allow juror testimony to impeach a verdict. The rule generally disallows juror testimony to impeach a verdict but there are exceptions, one of them being in the case of juror testimony concerning improper contact between one or more jurors and some third party.

Here the claim that some third party contacted one or more of the jurors and improperly influenced the jury verdict was wholly speculative and was not based on any evidence reasonably suggesting that misconduct had occurred. While *Schwartz* hearings should be liberally granted, the trial court exercises fairly broad discretion in determining whether to grant one. *State v. Stofflet*, 281 N.W.2d 494 (Minn. 1979). Under the circumstances, we hold that the trial court did not abuse its discretion in failing to order a *Schwartz* hearing or in denying the motion for a new trial.

Affirmed.