STATE of Minnesota, Respondent,

v.

Todd Richard BENEDICT, Appellant.

No. C8–86–194.

Court of Appeals of Minnesota.

Sept. 16, 1986.

Review Granted Oct. 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., Rebecca Howes Hamblin, Sp. Asst. Atty. Gen., St. Paul, John C. Hoffman, Mille Lacs County Atty., Milaca, for respondent.

Jerome D. Ciresi, Jerome D. Ciresi & Assoc., St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Subsequent to appellant's conviction for three counts of criminal sexual conduct, appellant's counsel moved for a new trial or, in the alternative, a *Schwartz* hearing. The court denied both motions, finding insufficient evidence to support either a new trial or to compel a *Schwartz* hearing. We reverse.

## FACTS

Appellant was charged with two counts of criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342(a) and two counts of criminal sexual conduct in the second degree in violation of Minn. Stat. § 609.343(a). The incidents upon which appellant was charged took place between May, 1982 and December, 1983. The State alleged that appellant, who was then 20–21 years old, committed acts of criminal sexual conduct in the first and second degree upon a 5–7 year old boy.

After a three day trial appellant was convicted of three counts of criminal sexual conduct on April 30, 1985. On May 13, 1985 appellant's counsel moved for a new trial, or in the alternative, a *Schwartz* hearing. Appellant based the motion on an affidavit submitted by appellant's counsel. The affidavit indicates that on May 8, 1985 juror Delia Knutson told appellant's counsel that during deliberations jury foreman Chris Murdock revealed that he had been a victim of sexual abuse. Further, Murdock told the jury that those jurors who were voting not guilty did not know what they were talking about. Knutson indicated that Murdock was emphatic about the defendant's guilt. Knutson also told appellant's counsel that several other jurors responded to Murdock's statement by indicating that they too had been abused or knew someone who had been sexually abused.

On May 30, 1985 a hearing was held to consider appellant's motion. Argument focused on the necessity of conducting a *Schwartz* hearing. At issue was whether juror Murdock or any member of the jury had lied during voir dire, thus creating the potentially prejudicial situation that a *Schwartz* hearing is designed to remedy. Appellant's counsel contended that all the jurors had been individually asked whether they, their friends or their family members had been sexually abused. The State countered that this question was only put to the entire panel and was phrased in such a way that the jurors were not asked if they personally had been sexually abused, but only if anyone they knew had been. No record exists as to what occurred in voir dire. Both appellant and the State based their respective positions on the recollections of counsel, jurors, and others present at voir dire. Regardless, the State stipulated that juror Murdock made the comment in the jury room that he had been a victim of

sexual abuse by his brother when he was a child, and that he hadn't told anybody until that day.

The court initially indicated that it was inclined to grant a *Schwartz* hearing. Specifically, the court stated "I think there is enough here to convene a *Schwartz* hearing. Unfortunately, I think that we will have to have all of the jurors who participated in a verdict, all twelve of them, called in." The court further indicated "I certainly think there is enough to get to a hearing here. I guess that's the only decision before the court at this time." The court also specifically stated that "[m]y recollection of the voir dire is that Mr. Eller did ask all, if not most of the jurors, whether they had experienced sexual abuse personally or knew any one, family or friends, who had been victims of sexual abuse." The court decided to take the matter under advisement. Both sides were ordered to have no further contact with any of the jurors and to submit affidavits and memorandum of law in support of their respective positions.

After receiving those documents the court issued an order on June 18, 1985 denying appellant's motion for a new trial and appellant's motion for a *Schwartz* hearing. Appellant did not prove to the court's satisfaction that any juror had untruthfully answered any question or questions put to them during voir dire examination. Further, the court indicated that a prima facie case for prejudice or partiality had not been made.

The court wrote:

The Court should not lightly set aside a jury verdict unless there is clear and convincing evidence that a juror has untruthfully answered questions during voir dire examination; failing such a showing there must be clear and convincing evidence that a juror or jurors who did not volunteer information about their personal background should not have been allowed to sit as jurors because something in their background causes actual bias or partiality or raises such a strong likelihood of bias or partiality that it would not be fair to the defendant in a criminal trial to allow such a juror to sit in deliberation. The Court in this case cannot say as a matter of law that the fact that juror Murdock experienced some type of sexual contact with his brother during his formative years necessarily rendered juror Murdock unqualified (because of bias or partiality) to serve in a case involving a charge of criminal sexual conduct by an adult against children of tender years.

On October 15, 1985 appellant obtained a new attorney. Two days later appellant again moved for a new trial and for an order authorizing a *Schwartz* hearing. The court took the matter under advisement and on December 13, 1985 issued an order denying the motion specifically finding that there were not sufficient grounds to require a *Schwartz* hearing.

## ISSUE

Did the trial court err in failing to grant appellant's motion for a *Schwartz* hearing?

## ANALYSIS

In *Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301, (1960) the Minnesota Supreme Court established a procedure to ensure a prejudice-free jury, and thus a fair trial, without the harassment of jurors subsequent to a verdict. In *Schwartz* the court stated:

Cases may and do arise where a juror's untruthful answering of questions propounded upon a voir dire examination will prevent a litigant from having a fair trial. Where such cases arise, and the facts come to light after the rendition of a verdict, some method of obtaining relief obviously should be available. However, rather than permit or encourage the promiscuous interrogation of jurors by the defeated litigant, we think that the better practice would be to bring the matter to the attention of the trial court, and, if it appears that the facts justify so doing, the trial court may then summon the juror before him and permit an examination in the presence of counsel for all

interested parties and the trial judge under proper safeguards.

*Id.* at 328, 104 N.W.2d at 303.

Minnesota Rule of Criminal Procedure 26.03, subd. 19(6) codifies the procedures outlined in *Schwartz*. The rule provides that affidavits of jurors shall not be received in evidence to impeach their verdict. The rule further provides that "[i]f the defendant has reason to believe that the verdict is subject to impeachment, he shall move the court for a summary hearing. If the motion is granted the jurors shall be interrogated under oath and their testimony recorded."

The Minnesota Supreme Court in *Olberg v. Minneapolis Gas Co.*, 291 Minn. 334, 343, 191 N.W.2d 418, 424–25 (1971) stated that "the trial courts * * * should be liberal in granting a [*Schwartz*] hearing." *See State v. Mings*, 289 N.W.2d 497, 498 (Minn.1980); *State v. Stofflet*, 281 N.W.2d 494, 498 (Minn.1979); *Quinn v. Winkel's Inc.*, 279 N.W.2d 65, 69 (Minn.1979). More specifically, the court indicated that "[n]othing should prevent the trial court from ordering a *Schwartz* hearing on the grounds of an oral assertion by counsel or hearsay affidavit." *Olberg*, 291 Minn. at 343, 191 N.W.2d at 424.

■ However, the trial court has fairly broad discretion in determining whether or not to grant a *Schwartz* hearing. *Stofflet*, 281 N.W.2d at 498. To mandate a *Schwartz* hearing the defendant must establish a prima facie case of jury misconduct. *State v. Larson*, 281 N.W.2d 481, 484 (1979). "To establish a prima facie case, a defendant must submit sufficient evidence which, standing alone and unchallenged, would warrant the conclusion of jury misconduct." *Id.* The trial court may allow rebuttal evidence, but may also ignore such evidence in granting a hearing. *Id.* "The trial court need not, however, blindly accept the assertions submitted by defense counsel" when it makes the determination of whether or not a *Schwartz* hearing should be held. *Id.*

■ In denying appellant's motion for a *Schwartz* hearing, the trial court stated that the jury's verdict should not be set aside unless there is "clear and convincing" evidence that either a juror lied in voir dire or a juror failed to voluntarily disclose information which itself raises a strong likelihood of bias or partiality. The trial court apparently confused the standard for granting a new trial, the clear and convincing standard, with the much lower standard for granting a *Schwartz* hearing. The court applied the higher standard to the *Schwartz* hearing issue. It was error to do so.

The clearly enunciated policy is that *Schwartz* hearings be liberally granted. *Olberg*, 291 Minn. at 343, 191 N.W.2d at 424–25. Assertion of facts brought to counsel's attention that, if true, amount to a prima facie case of juror misconduct should trigger a *Schwartz* hearing. *See Larson*, 281 N.W.2d at 484. The trial court thus acted beyond the proper bounds of its discretion applying the clear and convincing standard to the *Schwartz* hearing issue.

■ The conclusion that the trial court applied an improperly high standard in deciding the *Schwartz* hearing issue is buttressed by the presence of a strong case in favor of such a hearing. The record indicates that it was incumbent upon juror Murdock, and the rest of the jury, to disclose any experience of sexual abuse. A case for juror misconduct exists to the degree Murdock and others did not disclose this information. For example, the jurors were apparently asked whether they, any family members, or any close friends had experience with sexual abuse. The jurors were also asked if they could be fair and impartial and whether there were any reasons why they should not have been on the jury. Yet, Murdock and other jurors apparently failed to completely respond.

Some ambiguity does exist as to what questions were specifically asked. This ambiguity could have been resolved by the recording of voir dire, which either party could have requested. Minn.R.Crim.P. 26.-

02, subd. 4(1). Certainly one of the parties should have made such a request. Yet, it is hard to believe that neither counsel nor the trial court judge would not have asked some form of these questions. In fact the trial court indicated, at the May 30 hearing, recalling such questions being asked.

Douglas G. Sauter, Cambridge, for respondent.

Gregory V. Smith, Monticello, for appellant.

Heard, considered, and decided by RANDALL, P.J., and HUSPENI and LANSING, JJ.

At this late date a *Schwartz* hearing is impracticable. At oral argument counsel revealed that several jurors were unavailable. Additionally, the problem of memory loss makes such a hearing much less useful. Further, the policy behind *Schwartz* hearings, prevention of interrogation of jurors after the rendering of the verdict, has already been frustrated by counsels' improper contacts with jurors. This court is thus left no choice but to reverse and remand for a new trial.

## DECISION

The trial court erred in failing to grant appellant's motion for a *Schwartz* hearing.

Reversed and remanded.